## H. BRUCE ROUSE v. JOHNNY F. WHEELER

### No. 735SC77

### (Filed 21 February 1973)

1. **Reference § 8; Trial § 12— referee's report — alleged misconduct of witness — failure to object — harmless misconduct**

    A referee's report will not be set aside on the ground that plaintiff's testimony before the referee was improperly influenced by motions made to him by his wife where no timely objection to the alleged misconduct was made at the hearing before the referee and the misconduct, if any, was harmless.

2. **Reference § 8; Rules of Civil Procedure § 53— authority to enter judgment upon reference**

    Where the referee made findings of fact and conclusions of law and purported to enter a judgment against defendant, and the superior court judge confirmed the referee's report but did not enter a judgment on the approved findings and conclusions, the cause must be remanded to the superior court for entry of a proper judgment since only the judge, and not the referee, has authority to enter judgment upon a reference. G.S. 1A-1, Rule 53(e).

ON *certiorari* as substitute for an appeal by defendant from *James, Judge,* 26 June 1972 Session of Superior Court held in NEW HANOVER County.

*Narron, Holdford & Babb by William H. Holdford and Henry C. Babb, Jr. for plaintiff appellee.*

*O. K. Pridgen II for defendant appellant.*

MALLARD, Chief Judge.

Plaintiff and defendant had been partners. Plaintiff alleged that the defendant was indebted to him and brought this action against defendant for an accounting of the partnership affairs.

By consent, all issues in the case were referred for determination pursuant to the provisions of G.S. 1A-1, Rule 53. After a hearing at which both parties participated, the referee made findings of fact and conclusions of law and undertook to enter a judgment in favor of plaintiff. There is no contention by appellant that the referee failed to comply with the provisions of G.S. 1A-1, Rule 53(f)(3) requiring the testimony at the hearing before the referee to be reduced to writing.

The referee's report was dated 5 June 1972 and was filed 9 June 1972. On 9 June 1972 appellant excepted to the findings of fact and conclusions of law, excepted to the signing and entry of the referee's report, and "hereby gives notice of appeal to Superior Court." In addition, the appellant made the following motion:

> "Defendant moves to set aside said findings of facts & conclusions of law and defendant respectfully requests that the Referee, or Judge of Superior Court set a time and place for the defendant to argue this motion and allow defendant to present evidence in support of this motion."

The above motion does not appear to have been ruled on by the referee, and no specific request appears on this record for the *referee* to hold such a hearing. On 21 June 1972, more than ten days after the referee's report was filed, the appellant made a motion in the superior court that the referee's report be set aside on the grounds that the plaintiff, at the hearing before the referee, did not testify freely from his own knowledge of the facts because he was frequently prompted by his wife while testifying and that this deceived the referee and constituted a fraud upon the court. On 30 June 1972 after hearing the evidence on the motion, Judge James entered an order denying it after stating in the order that it appeared "to the Court that the Referee in this cause ably and properly

conducted the reference proceedings and was neither deceived nor defrauded by the Plaintiff or any of his witnesses." Defendant objected and excepted to the entry of this order.

Judge James then proceeded to enter what was denominated a judgment, dated 30 June 1972 and filed 5 July 1972, as follows:

> "This cause coming on to be heard and being heard before His Honor, Joshua S. James, Resident Judge of the Fifth Judicial District, at Burgaw, in Pender County, in said District, on the 30th day of June, 1972, upon the Referee's Report duly filed, and the Defendant's exceptions thereto, the Plaintiff and Defendant both being represented by their respective attorneys of record;

> And it appearing to the Court, after having considered various and several exceptions of the Defendant to the findings of fact and conclusions of law contained in the Report of the Referee, and the exception of the Defendant to the signing and entry of the Referee's Report, and after having heard Counsel representing Plaintiff and Defendant, that the findings of fact and conclusions of law found by the Referee are correct and based upon competent evidence and the law applicable thereto;

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Report of the Referee be, and the same is hereby in all respects approved and confirmed.

> IT IS FURTHER ORDERED that $815.10 be allowed as a fee to Richard Von Biberstein, Jr., Referee, for his services rendered herein and that such amount be taxed as a part of the costs to be paid by the Defendant."

Defendant objected and excepted and gave notice of appeal.

[1] Appellant's first assignment of error is that the trial court erred in denying his motion to set aside the referee's report on the grounds that the plaintiff, while testifying as a witness before the referee, was improperly influenced by his wife's making motions to him.

The rule with respect to the granting of a *new trial* on the grounds of misconduct of a witness is stated in 66 C.J.S., New Trial, § 26: "Irregularity in the conduct of a witness is not ground for a new trial if it was harmless, or *if proper objection*

*was not taken.*" (Emphasis added.) We hold that the above-quoted rule relating to misconduct of a witness on a motion for a new trial is applicable in this case where the motion was to set aside the referee's report on the grounds of alleged misconduct of a witness.

It appears from the referee's report that a verbatim record of the proceedings before the referee was made, transcribed and filed with the report. The appellant did not cause this transcript to be made a part of the record on appeal. The referee testified at the hearing before the judge on the defendant's motion that "as to any prompting, if it occurred, I was not aware of it. *It was not brought to my attention.*" (Emphasis added.) There is no evidence that appellant was unaware of the conduct of the witness. On the record before us, timely and proper objection does not appear to have been taken to the alleged misconduct of the witness. We hold that inasmuch as the alleged misconduct of the witness was not brought to the attention of the referee during the course of the hearing, the motion by the appellant to set aside the report of the referee on the grounds of misconduct of the witness before the referee came too late when first made in the superior court. See 66 C.J.S., New Trial, § 37. Moreover, even if we consider that the motion was timely made in superior court (which we do not), it was addressed to the discretion of the judge who heard the motion, and no abuse of discretion is shown. See 7 Strong, N.C. Index 2d, Trial, § 50. In addition, the judge who heard and denied the motion stated that he could not find any basis for the appellant's contention that a fraud was perpetrated on the referee. This was, in effect, a finding that the misconduct, if any, of the witness was harmless.

Appellant states in the record that his second and only other assignment of error, which is to the entry of the judgment approving the referee's report, "is in effect the same as" his first assignment of error. This second assignment of error reads as follows:

> "The Court erred in entering final judgment approving the referee's report in all respects when defendant's evidence clearly showed that plaintiff had been coached by his wife and that the referee was unaware of this coaching, and had relied upon the plaintiff's testimony in preparing his report."

---

Rouse v. Wheeler

---

We hold that the defendant's second assignment of error is without merit.

The parties have assumed on this appeal that the foregoing "Judgment" of Judge James was a final judgment. No question as to its validity as a final judgment has been raised by exception duly entered or assignment of error properly presented. However, when the face of the record is considered, the question of the validity of the judgment appealed from is presented. We hold that the above-quoted "Judgment" is not an adjudication of the rights of the parties.

The provisions of G.S. 1A-1, Rule 53(g)(1) and (2) read as follows:

> "(1) Contents and Filing.—The referee shall prepare a report upon the matters submitted to him by the order of reference and shall include therein his decision on all matters so submitted. If required to make findings of fact and conclusions of law, he shall set them forth separately in the report. He shall file the report with the clerk of the court in which the action is pending and unless otherwise directed by the order of reference, shall file with it a transcript of the proceedings and of the evidence and the original exhibits. Before filing his report a referee may submit a draft thereof to counsel for all parties for the purpose of receiving their suggestions. The clerk shall forthwith mail to all parties notice of the filing.

> (2) Exceptions and Review.—All or any part of the report may be excepted to by any party within 30 days from the filing of the report. Thereafter, and upon 10 days' notice to the other parties, any party may apply to the judge for action on the report. The judge after hearing may adopt, modify or reject the report in whole or in part, render judgment, or may remand the proceedings to the referee with instructions. No judgment may be rendered on any reference except by the judge."

[2] The last sentence in the above-quoted section of Rule 53 specifically prohibits a referee from entering a judgment in a matter presented to him. His powers are set out in G.S. 1A-1, Rule 53(e) [see also McIntosh, N. C. Practice 2d, § 1399], and the power to enter a judgment is not conferred upon a referee but is specifically limited to the judge. See *Thompson v. Smith,*

156 N.C. 345, 72 S.E. 379 (1911) and *Jones v. Beaman,* 117 N.C. 259, 23 S.E. 248 (1895).

In this case, after making findings of fact and stating conclusions of law separately, the referee attempted to enter a judgment against the defendant in the following language:

"IT IS, NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That the Plaintiff, on behalf of Excel Tire Company, a partnership, have and recover of the Defendant the sum of $28,302.79.

2. That the remedy of civil arrest as set forth in G.S. 1-311 and G.S. 1-410(1) and (4) is available to the Plaintiff in the event the Defendant fails to satisfy the judgment herein rendered after execution against the property of the Defendant.

3. That the costs of this action be taxed against the Defendant."

The referee was without authority to enter such a "Judgment," and the superior court judge should have disregarded that portion of the report of the referee. When that unauthorized portion of the report of the referee is disregarded, there is left only the findings of fact and conclusions of law. These findings of fact and conclusions of law have been in all respects approved and confirmed in the above-quoted "Judgment" of Judge James. We find no error in the order of approval and confirmation by Judge James. However, in view of the fact that Judge James did not enter a *judgment* based on the approved findings of fact and conclusions of law other than to make an allowance for the referee's fee, this cause is remanded to the superior court with directions that a proper judgment be entered herein.

Remanded for judgment.

Judges MORRIS and HEDRICK concur.