MALLOY v. LINCOLN COTTON MILLS.

(Filed April 28, 1903.)

1. REFERENCES—*Findings of Court—Appeal.*
   The findings of fact by a referee, supported by evidence and sustained by the trial court, are not reviewable.

2. CONTRACTS—*References—Conclusions of Law—Damages.*
   The findings of fact by the referee in this case, sustain the conclusions of law, that the time for the completion of the work was impliedly and necessarily enlarged, that plaintiffs are guilty of no unnecessary delay, that defendant can not recover damages for failure to complete the work at the time specified, and that the defendant is indebted to plaintiffs in the sum found due by the referee, for work and labor in excavating and lowering the bed of a tail race.

ACTION by Malloy & Boggs against the Lincoln Cotton Mills, heard by Judge *A. L. Coble* and a jury, at September Term, 1902, of the Superior Court of LINCOLN County.

From a judgment for the plaintiffs, the defendant appealed.

*D. W. Robinson,* for the plaintiffs.
*Burwell & Cansler* and *C. E. Childs,* for the defendant.

CLARK, C. J.    This was an action to recover for work and labor in excavating and lowering the bed of the tail race for the defendant.    The defendant set up a counterclaim for damages caused by delay in completing the work.    The appeal was practically narrowed in the argument to the counterclaim.

The briefs and the oral argument on both sides were able, full and exhaustive and after fullest consideration we think the referee found upon competent evidence that the defendant was to keep the water pumped out of said race and to keep the same dry and in proper condition for the work during the progress thereof; that the excavation of the tail race (except as to the wall at the head thereof) was to be from the point where the branch emptied into the race, about 180 feet from the mill, to the point where the race emptied into the river; that the plaintiffs were to build a stone bulkhead at the east end of the dam; the work aforesaid to be done at the rate of $1 per cubic yard for excavation and $6.50 per cubic yard for work on walls; that the defendant (through its general manager) represented that it was only necessary for plaintiff to excavate the tail race from the point where the branch empties into the race to the mouth of the river, and that a great part of the bed of the race had been blasted and loosened up and the material could be easily removed, which proved to be incorrect; that plaintiff in making the contract relied upon said representations and inducements, as the water at that time covered and concealed the bed of the race; that the agreement was that the defendant was to pump the water from the race at its own expense; that the paper writing "Exhibit 'A'" contained only a part of the contract

between the parties, the rest thereof being in parol and not reduced to writing; that the work on the upper part of the race from the branch to the wheel pit was much more difficult, required more time in proportion, and was not contemplated in the original contract; the defendant accepted and used all of aforesaid work and is still using the same to its great advantage; there is no evidence that the defendant lost any orders on account of mill not beginning work at date first mentioned and while there was no express stipulation for extension of time by reason of the above circumstances it was an implied extension and the plaintiffs were not liable for damages for delay which was caused as aforesaid; that while no agreement was proved as to the price of excavation done from the branch to the wheel pit the referee allowed $1 per cubic yard, on a *quantum meruit,* being the price agreed on for the other excavations.

The findings of fact by the referee are very full, the above being the most salient and most debated points. There was evidence to sustain each and every finding and the same having been sustained in the trial court, are not reviewable here. See cases collected Clark's Code (3d Ed.), p. 564.

Upon said findings we must affirm his Honor's judgment sustaining the referee's conclusions of law, that the time for the completion of the work was impliedly and necessarily enlarged, that plaintiffs were guilty of no unnecessary delay, that the defendant can not recover any damages for work not being completed at the date first specified and is indebted to the plaintiffs in the sum found to be due by the referee.

Affirmed.

WALKER, J., having been of counsel did not sit on the hearing of this case.