FANNIE H. THOMPSON v. MARCELLUS SMITH ET AL., ·
ADMINISTRATORS.

(Filed 18 October, 1911.)

**Reference—Findings of Facts—Exceptions—Trial Judge—Deliberation—Some Evidence—Appeal and Error.**

When exceptions are made to the findings of fact of a referee, it is the duty of the trial judge to deliberate and decide upon each exception and draw his own conclusions from the evidence thereon, using his own faculties in ascertaining the truth of the matter; and when he otherwise acts upon the report, and sustains the referee's findings merely because there is some evidence to support them, it constitutes reversible error. The different rule of the Supreme Court on appeal discussed by WALKER, J.

APPEAL by plaintiff from *Whedbee, J.,* at April Term, 1911, of WAKE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*J. H. Fleming for plaintiff.*
*B. M. Gatling for defendant.*

WALKER, J. We have in this case a voluminous record and elaborate briefs upon several very interesting questions, involving the merits of the cause, and yet we must remand it to the court below for another hearing because of what the learned and able judge said at the time he heard the case, indicating that he would not, independently as a judge, examine the evidence for the purpose of forming a conclusion as to the facts, where the findings of the referee had been the subject of exceptions, but only for the purpose of ascertaining if there was any evidence to sustain the referee's findings, and if there was, he would adopt those findings as his own. We do not consider

this to be the rule in such cases. The party excepts to the finding of the referee, when one of fact, because he impliedly says it is not backed by a preponderance of the evidence; and if his exception is overruled by the referee, he appeals to the judge. What is the use of appealing, if the judge can simply decide that the exception is not well taken, if there is *any* evidence to support the finding? It is for him. to say, *of course,* not if there is any evidence, but if all the evidence adduced by the party upon whom rests the burden of proof is, by its greater weight, sufficient to establish the fact which is essential to his success. The learned judge might as well have said that he would sustain the conclusions of law if there was any authority to support them. But the rule adopted by his Honor does not apply to the Superior Court, but only to this Court. We have said that where the evidence has been considered by the referee and by the judge, upon exceptions to the referee's findings, we will not review the judge's conclusions as to them, because the appellant has had two chances, and when two minds—one at least, and perhaps both, professionally trained and accustomed to weigh evidence and to compare and balance probabilities as to its weight—arrive at the same conclusion, there is a strong presumption in favor of its correctness, or the same is true, even when the judge differs from the referee as to his findings, and we may safely rely on its correctness. The referee is selected, in such cases, in place of a jury, and the judge so acts when he reviews the referee. If there is any evidence to support the findings. and no error has been committed in receiving or rejecting testimony, and no other question of law is raised with respect to the findings, we accept what the judge has found as final, as we do in the case of a jury. *Malloy v. Cotton Mills,* 132 N. C., 432; *Lambertson v. Vann,* 134 N. C., 108; Clark's Code (3 Ed.), p. 564, and cases there collected; *Ramsey v. Browder,* 136 N. C., 251; *Commissioners v. Packing Co.,* 135 N. C., 62.

When exceptions are taken to a referee's findings of fact and law, it is the duty of the judge to consider the evidence and give his own opinion and conclusion, both upon the facts and

the law.   He is not permitted to do this in a perfunctory way, but he must deliberate and decide as in other cases—use his own faculties in ascertaining the truth, and form his own judgment as to fact and law.   This is required not only as a check upon the referee and a safeguard against any possible errors on his part, but because he cannot *review* the referee's findings in any other way.  The point was presented clearly and directly in *Miller v. Groome,* 109 N. C., 148, and it controls this case.   His Honor did not review the findings of the referee, as he said if there was any evidence to sustain them, he would affirm his rulings.   He might have found some for that purpose, whereas the preponderance may have been heavily the other way.   We need not consider the numerous exceptions so ably argued before us by Mr. Gatling and Mr. Fleming.

It will be certified that there was error in the respect indicated, and the cause is remanded with directions that the Judge of the Superior Court review the referee's findings of fact and his rulings as to the law, upon the exceptions thereto, in accordance with the usual practice in such cases.

Error.