PORTER BROTHERS, INC. v. CHARLES ADRIAN JONES AND WIFE, REBA SAULS JONES
— AND —
PORTER BROTHERS, INC. v. CHARLES ADRIAN JONES D/B/A JONES SMALL ENGINE

No. 7127SC266

(Filed 26 May 1971)

1. Appeal and Error § 24— assignment of error — requisites

An assignment of error must be supported by an exception previously noted.

2. Venue § 8— change of venue for convenience of the witnesses

The denial of a motion for change of venue for convenience of witnesses is within the discretion of the trial judge, and absent an abuse of discretion, the ruling will not be disturbed on appeal.

3. Rules of Civil Procedure § 53— reference — examination of complicated account

Where the trial of an issue requires the examination of a compli-. cated account, the trial court may, upon its own motion, order a reference. G.S. 1A-1, Rule 53(a)(2).

4. Rules of Civil Procedure § 53; Sales § 14— order of reference — action to recover on note and open account — counterclaim on warranties

Trial court properly ordered a reference in a plaintiff's action to recover on a promissory note and upon an open account for goods sold and delivered, where defendants' pleadings raised questions as to warranty transactions between plaintiff and defendants and between defendants and defendants' customers.

5. Rules of Civil Procedure § 53— reference — waiver of jury trial

A reference does not deprive a party of a jury trial, but the party is deemed to have waived his right to a jury trial unless he submits appropriate issues based upon the exceptions taken. G.S. 1A-1, Rules 53(b)(2) and 53(b)(2)c.

6. Rules of Civil Procedure § 50— motion for directed verdict.— adoption of referee's report

Although trial court sitting without a jury improperly granted plaintiff's motion for a directed verdict in a hearing to adopt a referee's report, the finding of fact and the conclusion of law relating to such motion will be stricken as surplusage, the adoption of the referee's report being sufficient to support judgment in favor of plaintiff. G.S. 1A-1, Rule 50.

APPEAL by defendants from *Falls, Judge,* 21 September 1970 Session, CLEVELAND Superior Court.

Plaintiff instituted the action against Charles Adrian Jones and wife to recover on a promissory note executed by them as makers. Plaintiff instituted the action against Charles Adrian Jones in his business capacity upon an open account and upon trust receipt notes for merchandise sold and delivered.

Defendants answered admitting execution of the note sued upon, and defendants admitted delivery of a quantity of merchandise, but alleged a total failure of consideration for the note and accounts, and alleged damages for breach of warranty.

Defendants moved that the cases be transferred to Onslow County for trial for the convenience of witnesses. The motion was denied. No exception to the order appears of record. At a subsequent session of court a reference was ordered in both cases. All parties excepted to the order of reference. Without objection the two cases were consolidated for the reference and a full hearing was conducted by the Referee who made findings of fact, conclusions of law, and recommendations as follows:

"THIS CAUSE coming on to be heard and being heard before Robert W. Yelton, Referee, on the 25th day of November, 1969, and again being heard and concluded on the 2nd and 3rd days of February, 1970, and the said Referee hearing the evidence and testimony of the witnesses for the defendant, together with the argument of counsel, finds as follows:

### FINDINGS OF FACT

"1. That the parties hereto have stipulated that as a result of contractual relations between the plaintiff and the defendant as a result of the plaintiff selling saws and parts to the defendant from August, 1966, to February, 1967, the defendant, in 68 CvS 11, is indebted to the plaintiff in the sum of Seven Thousand, Seven Hundred, Forty-Six and 74/100 Dollars ($7,746.74).

"2. That the parties hereto have stipulated that, in 68 CvS 9, there is due from the defendant to the plaintiff the sum of Two Thousand, One Hundred Dollars ($2,100.00) on a promissory note, together with interest thereon from the 10th day of February, 1967.

"3. That the defendant, Charles A. Jones, was a retail dealer in chain saws and small engines and did repair work on all types of small engines.

"4. That the said defendant opened his business in July, 1966, and that this was the first time he had ever been in a retail business for himself.

"5. That, pursuant to negotiations between the defendant and the plaintiff, the defendant became the authorized retail dealer for McCulloch Chain Saws in August, 1966, through the plaintiff, Porter Brothers, Inc., who was and is the distributor for McCulloch Corporation products.

"6. That the defendant purchased some fifty-seven (57) McCulloch Chain Saws from the plaintiff during the period from August, 1966, to February, 1967. That the defendant in turn sold all of these saws to his retail customers. That, with the exception of four (4) or five (5), all saws sold by the defendant were sold to commercial loggers.

"7. That each of the saws sold to the defendant by the plaintiff were sold under an express 30-day written warranty. That the warranty as set forth in the pleadings of both the plaintiff and the defendant is the warranty which accompanied each and every saw sold to the defendant by the plaintiff.

"8. That the express written warranty is limited to supplying without charge a genuine replacement part in exchange for any part which is defective if the part is returned through an authorized McCulloch Dealer or Distributor. The warranty further provides that it is expressly in lieu of all other warranties, express or implied.

"9. That many of the saws, especially the 210G models and the 510G models, purchased by the defendant and subsequently sold to commercial loggers, broke down and needed repairs within thirty (30) days after they were put in use.

"10. That many of the saws which broke down and needed repairs were returned to the defendant to make the needed repairs, said repairs including the replacement of

pistons, operation handles, carburetors, cylinders and other parts.

"11. That in all cases the defendant made the needed repairs on the saws which he had sold without making any charge therefor to his customers, whether the particular saw was still under warranty or not.

"12. That there was an established procedure for the defendant to use in filing warranty claims. That the defendant understood how to file the necessary written warranty claim form with the plaintiff, and did in fact file, in approximately nine instances, the first being in September, 1966, and the last in June, 1967, with the plaintiff the warranty claim form. That the instructions for preparing and filing the warranty claim form are contained on the form itself, said claim form being introduced herein as Plaintiff's Exhibit #9.

"13. That in each instance when the defendant filed the required warranty claim form with the plaintiff he received from the plaintiff a credit to his account in the form of a Credit Memo for each and every part he claimed was defective and in addition the defendant in each such instance received credit to his account for the labor required to replace said part in accordance with an established schedule of labor required to perform the particular repair or replacement.

"14. That the defendant did not fill out and file with the plaintiff any more of the warranty claim forms for saws or parts which he believed to be defective because he did not have time because of the large number of repairs. He did not use the procedure established to receive credit by way of the warranty except when he happened to have time to do so.

"15. That the defendant and his wife, Reba Sauls Jones, signed a promissory note to the plaintiff in the amount of Two Thousand, One Hundred Dollars ($2,100.00) on or about the 11th day of November, 1966, which was after the defendant, according to his evidence, had notice that there were claimed defects in the saws purchased by the defendant from the plaintiff; and the defendant gave an assignment of his accounts receivable (See Plaintiff's

Exhibit #3) to the plaintiff on or about the 30th day of March, 1967, to secure an amount he acknowledged as due to the plaintiff in excess of Six Thousand Dollars ($6,000.00), which assignment was made after the defendant, according to his evidence, knew that the chain saws in question were defective.

"16. That the defendant does not contend nor does the evidence show that all of the chain saws he purchased from the plaintiff were defective. The evidence for the defendant shows that his complaints concern the model 210G and the model 510G saws, and that he purchased other saws from the plaintiff for which he has no complaints.

"17. That the defendant does not contend nor does the evidence show that all the parts and accessories and related items which he purchased from the plaintiff were used to replace parts and accessories which were defective. He bought some expendable parts such as chains, as well as other parts which were not defective.

"18. That there is no evidence as to what amount the defendant was charged for the 210G and 510G saws he purchased from the plaintiff. The only evidence in this regard is that the defendant purchased approximately Twelve Thousand Dollars ($12,000.00) worth of chain saws, and of the total number of saws purchased eighty (80%) per cent were 210G's and 510G's. However, there is no evidence as to the price charged the defendant for the 210G's or the 510G's, or the price charged for saws which were of some other model.

"19. That there is no evidence as to what amount the defendant was charged by the plaintiff for the parts and accessories used to repair or replace parts or accessories the defendant claims were defective.

"20. That there is no evidence as to the value of the saws and parts the defendant claims were defective; either value as they should have been as warranted, or value as they actually were according to the defendant when received or put into operation.

"21. That there is no competent evidence as to any loss or profit by the defendant. The only evidence cencering any amount of monetary income or loss by the defendant which can be arrived at from the evidence is by calculating the difference between what the defendant testified was his total gross business income, cash and accounts receivable, during the period of August, 1966, to April, 1967, or nine (9) months, which the defendant's evidence shows was $33,938.20, and the total cost of doing business during this period of time, which according to the evidence for the defendant was approximately $29,000.00, or a gross profit, before taxes of approximately $5,000.00, without any ordinary business write-off for uncollectable accounts receivable.

"22. That the defendant had available to him at all times an opportunity to secure without cost to him any replacement part he claimed was necessary to replace any claimed defective part on the chain saws sold to him by the plaintiff, plus he had the opportunity to receive a credit allowance for labor necessary to make such replacement, all by way of the express written warranty. However, he chose not to take advantage of such warranty, but instead elected to suffer any claimed loss himself, by providing and installing parts on his customers' saws without charge.

"23. That the defendant failed to comply with the terms of the express written warranty in that he failed to return the claimed defective parts to the plaintiff as required by the warranty or to file the necessary warranty claim forms which was the established procedure, known to the defendant, to secure credit for any claim under the warranty, except in the nine instances mentioned above in paragraph 12.

"24. That the evidence shows that a McCulloch Owner's Manual came packaged in each saw sold by the plaintiff to the defendant. However, there is no evidence to show that the chain saws sold and repaired by the defendant were used and maintained in accordance with the McCulloch Owner's Manual as is required by paragraph 1 of the Warranty. Nor is there any evidence to show that the chain saws sold and repaired by the defendant were not excluded from coverage under the Warranty, in paragraph

3 thereof, which sets forth specifically those instances wherein the said Warranty does not apply, for instance, a saw that has been tampered with, subjected to misuse, neglect or accident, etc.

"25. That, in case Number 68 CvS 9, there is now due from the defendants, Charles A. Jones and wife, Reba Sauls Jones, to the plaintiff the sum of Two Thousand, One Hundred Dollars ($2,100.00) plus interest thereon at the rate of six (6%) per cent from February 10, 1966; that, in case Number 68 CvS 11, there is due from the defendant, Charles A. Jones, doing business as Jones Small Engine, to the plaintiff the sum of Seven Thousand, Seven Hundred, Forty-Six and 74/100 Dollars ($7,746.74); and that the plaintiff is entitled to judgment therefor in each case without offset for any amount as claimed by said defendants in the defendants' defense or defense and counterclaim in the respective cases.

### Conclusions of Law

"1. That all of the evidence offered by the defendant must be, and has been, considered in the light most favorable to the defendant due to the fact that no evidence on defendant's counterclaim was offered by the plaintiff.

"2. That the express written warranty under which the merchandise in question was sold by the plaintiff to the defendant, Charles A. Jones, is in lieu of and excludes any other warranty, express or implied.

"3. That the plaintiff complied with the terms of said warranty in each instance when the defendant, Charles A. Jones, returned any part to the plaintiff for a claim under such warranty.

"4. That the defendant, Charles A. Jones, failed to comply with the terms of the said warranty, through no fault of the plaintiff, and is therefore barred and estopped to assert any defense or counterclaim based upon a breach of said warranty.

"5. That the defendants, Charles A. Jones and wife, Reba Sauls Jones, waived any right to assert a breach of warranty, either as a defense to or a counterclaim

against the action brought by the plaintiff on the promissory note in case Number 68 CvS 9.

"6. That even if the defendant, Charles A. Jones, were not barred and estopped to assert a breach of warranty as a defense or counterclaim, he has failed to introduce any competent evidence of damages. That the measure of damages in the case of a breach of warranty is the difference between the value of the article as it should have been if it were as warranted, and the actual value as delivered, together with any special damages as were within the contemplation of the parties. The defendant, Charles A. Jones, has not introduced any evidence to show the value in either instance of the alleged defective chain saws or parts, and has not introduced any competent evidence of any special damages upon which a reasonable man, or a jury, could assess any damages in the case of the counterclaim of the defendant.

"7. That the defendants are barred and estopped to assert, as a defense or as a counterclaim, a complete failure of consideration in either of these cases.

"8. That even if the defendants were not barred and estopped to assert, as a defense or as a counterclaim, a complete failure of consideration, they have failed to introdue any competent evidence which would tend to show a complete failure of consideration.

"9. That the defendants have the burden of proof of a breach of warranty, or of a complete failure of consideration, either as a defense to the action by the plaintiff for recovery of the balance due on the sale price or as a counterclaim. Upon the facts and the law, the defendants, nor either of them, have shown any right to relief either as a defense to the claims of the plaintiff or upon the counterclaim against the plaintiff.

"10. That, in case Number 68 CvS 9, there is now due from the defendants, Charles A. Jones and wife, Reba Sauls Jones, to the plaintiff the sum of Two Thousand, One Hundred Dollars ($2,100.00) plus interest thereon at the rate of six (6%) per cent from February 10, 1966, until paid; that, in case Number 68 CvS 11, there is due from the defendant, Charles A. Jones, doing business as Jones Small

Engine, to the plaintiff the sum of Seven Thousand, Seven Hundred, Forty-Six and 74/100 Dollars ($7,746.74).

"11. That the motion for Directed Verdict for the plaintiff made by the plaintiff at the close of the evidence for the defendant and renewed at the close of all the evidence on the counterclaim should be allowed, and that such counterclaim should be dismissed with prejudice.

### PROPOSED JUDGMENT

"1. That, in case Number 68 CvS 9, the plaintiff have and recover of the defendants, Charles A. Jones and wife, Reba Sauls Jones, the sum of Two Thousand, One Hundred Dollars ($2,100.00), together with interest thereon at the rate of six (6%) per cent from February 10, 1967.

"2. That, in case Number 68 CvS 11, the plaintiff have and recover of the defendant, Charles A. Jones, doing business as Jones Small Engine, the sum of Seven Thousand, Seven Hundred, Forty-Six and 74/100 Dollars ($7,746.74).

"3. That, in case Number 68 CvS 11, the counterclaim of the defendant, Charles A. Jones, doing business as Jones Small Engine, be and the same is hereby dismissed with prejudice.

"4. That the costs and expenses, including a reasonable fee for the Referee to be set by the Court, in both of these cases are hereby taxed against the defendants in each respective case.

"This the 30th day of July, 1970.

/s/ Robert W. Yelton
Referee"

Judge Falls reviewed the Report of the Referee, approved and adopted the findings of fact, approved and adopted the conclusions of law, and entered judgment for plaintiff in accordance with the recommendations of the Referee. Defendants appealed.

*Whisnant and Lackey, by N. Dixon Lackey, Jr., for plaintiff appellee.*

*Hubert E. Phillips and E. C. Thompson III for defendant appellants.*

BROCK, Judge.

[1, 2]  Defendants undertake to assign as error the denial of their motion for change of venue to Onslow County for convenience of witnesses. No exception to the order appears in the Record on Appeal. An assignment of error must be supported by an exception previously noted. *State v. Fox,* 277 N.C. 1, 175 S.E. 2d 561 (1970). In any event, the ruling on the motion was within the discretion of the trial judge, and, absent a showing of abuse of discretion, the ruling will not be disturbed on appeal. 7 Strong, N. C. Index 2d, Venue, § 8, p. 520.

[3, 4]  Defendant assigns as error the order of reference in this case. Defendants' pleadings raised questions concerning numerous transactions between plaintiff and defendants with respect to warranties on merchandise (chain saws and parts), and numerous transactions between defendant and defendant's customers with respect to repairs under warranty and not under warranty. The mere fact that defendants did not question plaintiff's procedures in its accounting for merchandise shipped to defendants does not mean that the examination of a complicated account is not necessary. Where the trial of an issue requires the examination of a complicated account the trial court may, upon its own motion, order a reference. G.S. 1A-1, Rule 53(a)(2). In our opinion the reference was properly ordered in this case.

[5]  Defendants assign as error that they were deprived of their right to trial by jury. G.S. 1A-1, Rule 53(b)(2) provides that a reference does not deprive a party of a jury trial and sets out the steps to be followed to preserve the right. In this case the issues submitted by defendants are not appropriate for a determination of the exceptions; and, having failed to formulate appropriate issues based upon the exceptions taken, defendants waived their right to jury trial. See, G.S. 1A-1, Rule 53(b)(2)c.

The findings of fact by the Referee are clearly supported by the evidence and the findings of fact clearly support the

conclusions of law. Therefore, we hold that Judge Falls was correct in approving and adopting the Referee's findings of fact and conclusions of law. Defendants' numerous exceptions and assignments of error to the findings of fact and conclusions of law are overruled.

[6]  When plaintiff filed its motion asking the trial court to approve and adopt the Referee's Report, it inappropriately made a motion for a directed verdict. A motion for directed verdict and a directed verdict are not proper where the trial is before the judge sitting without a jury. See, G.S. 1A-1, Rule 50. See also, *Pergerson v. Williams,* 9 N.C. App. 512, 176 S.E. 2d 885 (1970). Judge Falls approved and adopted each of the findings of fact and conclusions of law by the Referee, and this was sufficient to support the final judgment which was entered. However, because of plaintiff's inappropriate motion for directed verdict Judge Falls added finding of fact 14 and conclusion of law 3 as follows:

> "14. The Court finds that after a careful review of the evidence on these actions that the evidence of the defendants is insufficient to raise issues of fact to be presented to a jury for trial, and that the plaintiff's motion for directed verdict on its claim against the defendants in each case should be allowed, and the plaintiff's motion for a directed verdict on the counterclaim of the defendant, Charles A. Jones, in case number 68 CvS 11 should be allowed."

> "3. The evidence introduced by the defendants is not sufficient to raise issues of fact to be submitted to a jury for trial. Upon the facts and the law, the defendants, nor either of them have shown any right to relief, either as a defense to the claims of the plaintiff or as a counterclaim against the defendant, and the motion for directed verdict made by the plaintiff as to its claims against the defendants should be and is hereby allowed, and the plaintiff's motion for directed verdict as to the counterclaim of the defendant, Charles A. Jones, against the plaintiff in Case No. 68 CvS 11 should be and is hereby allowed."

The above-quoted finding of fact 14 and conclusion of law 3 add nothing to the judgment which approved and adopted the findings of fact and conclusions of law by the Referee, and

enters the order for recovery recommended by the Referee. Therefore, finding of fact 14 and conclusion of law 3 are mere surplusage and should be stricken.

It is interesting to note that the two stipulations recited as findings of fact 1 and 2 in the above-quoted Referee's Report would seem to justify entry of the judgment as finally entered.

The judgment of Judge Falls is modified by striking therefrom finding of fact 14 and conclusion of law 3, and, as so modified, is affirmed.

Modified and affirmed.

Judges MORRIS and HEDRICK concur.