CHARLES QUATE AND WIFE, PATSY QUATE v. BENNIE G. CAUDLE D/B/A BEN CAUDLE CONSTRUCTION COMPANY

No. 8821SC981

(Filed 15 August 1989)

1. **Reference § 8— exceptions to referee's findings of fact and law—requirements of trial judge**

Though N.C.G.S. § 1A-1, Rule 53(g)(2) does not require a review of findings upon objection to a referee's report, *Thompson v. Smith*, 156 N.C. 345, does require the judge to consider

the evidence and give his own opinion and conclusion when exceptions are taken to a referee's findings of fact and law. In this case, defendant alleged no facts in support of its contention that the trial judge failed to review the evidence and the referee's findings of fact and law; rather, the trial judge's modification order itself clearly established that the judge made a review of the referee's findings.

2. **Unfair Competition § 1 — breach of contract to build log house — practice of misquoting cost of construction — unfair trade practice — damages properly trebled**

    The trial court properly trebled the damages awarded to plaintiffs under N.C.G.S. § 75-16, and there was no merit to defendant's contention that contract damages could not be trebled, since defendant in this case not only breached his contract to construct a log house for a stated sum but also repeatedly misquoted the cost of constructing log homes to his customers, thereby gaining sales and misleading the consuming public; these actions together constituted a violation under N.C.G.S. § 75-1.1; and the fraudulent misrepresentation by defendant directly and proximately caused plaintiffs' expenditure of an additional $15,727.11 to complete the house.

3. **Unfair Competition § 1 — unfair trade practice — cost overruns — interest expense as damages**

    Interest expense on a loan obtained by plaintiffs to finance cost overruns was recoverable by plaintiffs as an item of damages for defendant's unfair trade practice in intentionally underestimating the cost of constructing a log home for plaintiffs, and this amount should have been trebled under N.C.G.S. § 75-16.

APPEALS by plaintiffs and defendant from *Rousseau (Julius A., Jr.), Judge*. Order entered 3 May 1988 in Superior Court, FORSYTH County. Heard in the Court of Appeals 23 March 1989.

Defendant, Bennie G. Caudle, doing business as Ben Caudle Construction Company appeals from a judgment finding that it breached a contract with plaintiffs and engaged in unfair or deceptive acts or practices and awarding treble damages. Plaintiffs, Charles Quate and wife, Patsy Quate, cross-appeal from a judgment disallowing interest costs on the loan in question.

QUATE v. CAUDLE

[95 N.C. App. 80 (1989)]

*Roy G. Hall, Jr. for plaintiff-appellees, cross-appellants.*

*Finger, Parker & Avram, by Raymond A. Parker, II, for defendant-appellant.*

ORR, Judge.

During the spring of 1982, defendant represented to plaintiffs that he would build a log home for them at a total cost of $66,300.00. The parties entered into an agreement out of which this action arises for the purchase and complete construction of a log home.

Construction began in June 1982. By early August 1982, the foundation had been poured and the logs had been stacked. The structure, however, lacked a roof, rafters, basement, flooring, insulation, plumbing, electrical and heating systems.

Defendant stopped construction of the log home by 14 August 1982. Plaintiffs had paid approximately $35,645.08 to defendant and his suppliers for the work completed to that point. Plaintiffs were forced to spend an additional $15,727.11 over and above the stipulated contract price of $66,300.00 to have another contractor complete construction.

Plaintiffs instituted this suit against defendant for breach of contract, fraud and unfair and deceptive trade practices. The matter was heard before a referee appointed in accordance with a consent order. The referee found the defendant breached the contract by failing to complete construction of the log home. The referee also found that defendant violated G.S. 75-1.1 when it intentionally underestimated the cost of the project and that "[t]he Plaintiffs were damaged by the Defendant in the amount of Twenty-One Thousand Eight Hundred Seventy-One Dollars and Twenty-Eight Cents ($21,871.28 [$15,727.11 in cost overruns and $6,144.17 in interest to finance the cost overruns] and are further entitled to have the said sum to be trebled pursuant to the provisions of N.C.G.S. Section 75-1.1 et seq."

Judge Rousseau, presiding over the Superior Court of Forsyth County, affirmed the referee's findings in part and modified the findings in part. Judge Rousseau ruled that "[t]he interest expense of $6,144.17 labeled 'cost of financing cost overruns' by the Referee, is not as a matter of law, recoverable and that portion of the Referee's Report is not approved. . . ." Both parties appeal.

QUATE v. CAUDLE

[95 N.C. App. 80 (1989)]

I.

[1] Defendant first contends the trial court erred in failing to review the findings of fact and conclusions of law in the report of the referee. We disagree.

Defendant argues G.S. 1A-1, Rule 53(g)(2) requires a review of findings upon objection to the referee's report. The rule states, in pertinent part: "The judge after hearing may adopt, modify or reject the report in whole or in part, render judgment, or may remand the proceedings to the referee with instructions. No judgment may be rendered on any reference except by the judge." G.S. 1A-1, Rule 53(g)(2) (1983). Defendant's reliance upon Rule 53(g)(2) is misplaced.

The unambiguous wording of Rule 53(g)(2) reveals the options available to a judge with respect to a report filed after a hearing. There is nothing in the plain language of the statute from which defendant could infer a mandatory review of the referee's findings of fact and conclusions of law. However, the North Carolina Supreme Court has set forth the duties of a judge when exceptions are taken to a referee's report in *Thompson v. Smith*, 156 N.C. 345, 72 S.E. 379 (1911). In its decision, the Court held:

> When exceptions are taken to a referee's findings of fact and law, it is the duty of the judge to consider the evidence and give his own opinion and conclusion, both upon the facts and the law. He is not permitted to do this in a perfunctory way, but he must deliberate and decide as in other cases — use his own faculties in ascertaining the truth and form his own judgment as to fact and law. This is required not only as a check upon the referee and a safeguard against any possible errors on his part, but because he cannot *review* the referee's findings in any other way.

*Id.* at 346, 72 S.E. at 379. (Emphasis original.)

*Thompson* clearly establishes the duties of a judge in reviewing the referee's findings. However, " '[u]nless the contrary is made to appear, it will be presumed that judicial acts and duties have been duly and regularly performed.' " *State v. Johnson*, 5 N.C. App. 469, 471, 168 S.E.2d 709, 711 (1969), quoting 1 Strong's N.C. Index 2d, *Appeal and Error*, sec. 46, p. 191.

QUATE v. CAUDLE

[95 N.C. App. 80 (1989)]

Defendant has alleged no facts in support of its contention that the trial judge failed to review the evidence and the referee's findings of fact and law. On the contrary, the record discloses in the judgment and order that "the Court, having heard argument of Counsel, being fully advised in the premises, and being of the opinion: 1. That the Report of the Referee should be affirmed in part and modified in part as follows . . . ."

The modification clearly establishes that the presiding judge made a review of the referee's findings. Defendant offers no evidence to support its conclusion that the court failed to review these findings. Rule 53(g)(2) allows the judge to adopt as well as modify or reject the referee's findings. The record reveals that the trial judge acted within the bounds of this rule. G.S. 1A-1, Rule 53(g)(2). Therefore, we find defendant's argument to be without merit.

II.

[2] Defendant next contends that the trial court erred in trebling the damages awarded to plaintiffs under G.S. 75-16. G.S. 75-1.1(a) reads: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." When acts are found to be within this section, the resulting damages are entitled to be trebled under G.S. 75-16.

G.S. 75-16 reads:

If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict.

Defendant cites the case of *Stone v. Homes, Inc.*, 37 N.C. App. 97, 245 S.E.2d 801, *disc. rev. denied*, 295 N.C. 653, 248 S.E.2d 257 (1978), for the proposition that contract damages cannot be trebled. In *Stone*, the parties entered into a contract for the purchase of a home under construction. The purchaser discovered defects in workmanship in the house and brought suit for breach of warranty, fraud and unfair trade practices. This Court held, "Breach of

QUATE v. CAUDLE

[95 N.C. App. 80 (1989)]

such warranties alone does not constitute a 'violation of the provisions' of Chapter 75 of the General Statutes. Hence, we conclude that it is inappropriate to treble damages resulting solely from breach of warranties." *Id.* at 106, 245 S.E. 2d at 807.

The case *sub judice* is clearly distinguishable from *Stone*. There, the breach of warranty claim was the sole factor in determining damages. The court found that there was insufficient evidence to support a claim for fraud. *Id.* Therefore, there was no foundation upon which to base a claim under Chapter 75. There must be some conduct which is found to be unfair or deceitful to violate Chapter 75-1.1.

In the case *sub judice*, the record clearly establishes the fraudulent acts performed by defendant in the Memorandum Report of the Referee:

> [T]he Defendant made a practice of quoting unrealistically low prices for the cost of erecting a log home so as to entice his customers to purchase his log home packages. The consuming public, including the Plaintiffs, relied upon the Defendant's false or careless assertions and thereby became involved in a painful morass of cost overruns and unexpectedly high cash outlays.
>
> . . .
>
> By repeatedly misquoting the cost of constructing log homes to his customers and by failing to fully explain important details to his customers so as to gain sales, the Defendant misled the consuming public. The Defendant was thereby engaging in fraudulent misrepresentations which clearly had an adverse impact on business and commerce.

Defendant's breach of contract coupled with the fraudulent misrepresentation constitute a violation under G.S. 75-1.1.

Defendant also relies upon the case of *Marshall v. Miller*, 47 N.C. App. 530, 268 S.E.2d 97 (1980), *modified*, 302 N.C. 539, 276 S.E.2d 397 (1981). An erroneous jury instruction permitted the jury to assess damages against the defendant twice for the same default. Once trebled, the effect was a quadrupling of damages. To prevent this, the court held:

> Where the same course of conduct gives rise to a traditionally recognized cause of action, as, for example, an action for breach

of contract, and as well gives rise to a cause of action for violation of G.S. 75-1.1, damages may be recovered either for the breach of contract, or for violation of G.S. 75-1.1, but not for both.

*Id.* at 542, 268 S.E.2d at 103.

There is no possibility of such an excessive damage award in the case at bar. As plaintiffs maintain, the fraudulent misrepresentation by defendant directly and proximately caused the expenditure of an additional $15,727.11. The damage award below reflects the amount of their injury as a result of the Chapter 75-1.1 violation. Thus, the damage verdict was properly trebled in accordance with G.S. 75-16.

### III.

[3] On cross-appeal, plaintiffs argue that the lower court erred in ruling, as a matter of law, that they could not recover, nor treble, the $6,144.17 cost of borrowing extra funds to complete their log home. We agree.

Plaintiffs rely upon *Bernard v. Central Carolina Truck Sales*, 68 N.C. App. 228, 314 S.E.2d 582, *disc. rev. denied*, 311 N.C. 751, 321 S.E.2d 126 (1984), to determine the measure of damages resulting from fraudulent misrepresentation. In *Bernard*, the plaintiff entered into a contract to purchase a tractor which produced numerous problems. Thereafter, plaintiff stopped making payments on the tractor. The court found defendant breached the contract, made fraudulent misrepresentations with regard to the tractor and engaged in unfair trade practices. In finding damages for expenses incurred and trebling the same, the court held:

We do not believe, however, that the only available measure of damages is that for fraudulent inducement. As previously stated, an action for unfair or deceptive acts or practices is a distinct action apart from fraud, breach of contract, or breach of warranty. Since the remedy was created partly because those remedies often were ineffective, it would be illogical to hold that only those methods of measuring damages could be used. 'To rule otherwise would produce the anomalous result of recognizing that although G.S. 75-1.1 creates a cause of action broader than traditional common law actions, G.S. 75-16 limits the availability of any remedy to cases where some recovery at common law would probably also lie.'

*Bernard*, 68 N.C. App. at 232, 314 S.E.2d at 585, quoting *Marshall v. Miller*, 302 N.C. at 547, 276 S.E.2d at 402. Further, the goal sought in awarding damages is "to restore the victim to his original condition, to give back to him that which was lost as far as it may be done by compensation in money." *Phillips v. Chesson*, 231 N.C. 566, 571, 58 S.E.2d 343, 347 (1950). (Citation omitted.) A damage award consisting of merely the principal amount of a loan and not including financing costs and interest charges for obtaining that loan will not "restore the victim to his original condition . . . as far as it may be done by compensation in money." *Id.*

Defendant relies upon G.S. 24-5 which states in part:

(a) Contracts.—In an action for breach of contract, except an action on a penal bond, the amount awarded on the contract bears interest from the date of breach. The fact finder in an action for breach of contract shall distinguish the principal from the interest in the award, and the judgment shall provide that the principal amount bears interest until the judgment is satisfied. Interest on an award in a contract action shall be at the contract rate, if the parties have so provided in the contract; otherwise, it shall be at the legal rate.

Defendant's reliance upon G.S. 24-5 is misplaced. "Interest" as used in this statute, refers to interest accruing upon a judgment award, whether in terms of pre-judgment interest from the time of wrongdoing or post-judgment interest until the judgment is paid. Defendant mistakenly applies this statute and misinterprets the referee's findings as allowing interest in the form of a damage award from the time of breach. The interest in question in the case *sub judice* refers solely to interest charges as part of the debt undergone by the plaintiffs in obtaining financing above the original costs of the home as represented by defendant.

The general rule in measuring damages is that "the injured party may recover all of the damages which were *foreseeable* at the time of the contract as a probable result of the breach either because they were a *natural* result or because they were a *contemplated* result of the breach." *Pipkin v. Thomas & Hill, Inc.*, 33 N.C. App. 710, 718, 236 S.E.2d 725, 731 (1977), *aff'd in part, rev'd in part*, 298 N.C. 278, 258 S.E.2d 778 (1979). (Citation omitted.) (Emphasis original.) "Special damages [arising out of special circumstances] may also be awarded for injury which occurred after the breach if such an injury was within contemplation of the parties

at the time the contract was made." *Pipkin*, 33 N.C. App. at 719, 236 S.E.2d at 731. These rules "would seem to allow the injured borrower to recover any money spent to make himself whole, including the cost of negotiating a new loan . . . if such costs are a natural or contemplated consequence of the breach." *Id.*

At the time the contract between the parties was made, it is reasonable to expect that if, as a result of defendant's breach, plaintiffs were required to spend an additional $15,727.11 over and above the original contract price to complete the log home, additional financing would be necessary. The interest was part of the cost of negotiating new financing and was foreseeable as a natural and contemplated result of borrowing money. Therefore, these costs were a proximate result of defendant's breach and are entitled to be recovered along with the principal of the loan.

Plaintiffs also contend that the financing costs for obtaining the loan should be trebled. Since we have determined that the financing costs should be included with the principal as damages, we agree.

"Absent statutory language making trebling discretionary with the trial judge, we must conclude that the Legislature intended trebling of any damages assessed to be automatic once a violation is shown." *Marshall v. Miller*, 302 N.C. at 547, 276 S.E.2d at 402. Therefore, we hold that the "financing costs" ($6,144.17) should be combined with the loan principal ($15,727.11), for total damages of $21,871.28. This amount should be trebled accordingly under G.S. 75-16.

For the reasons stated above, we conclude the trial court did not err with respect to reviewing the referee's findings of fact or law; and furthermore, the trial court did not err in trebling assessed damages under G.S. 75-16. However, the trial court did commit reversible error by ruling, as a matter of law, there could be no recovery of interest costs on monies borrowed by the plaintiffs to meet "cost overruns."

Affirmed in part; reversed in part.

Judges BECTON and JOHNSON concur.