GAYNOR v. MELVIN

[155 N.C. App. 618 (2002)]

————————————

BLAIR GAYNOR, PLAINTIFF v. GORDON AND MARY MELVIN, INDIVIDUALLY; AND DOING BUSINESS AS MILL DIRECT SALES; AND MILL DIRECT SALES, INC., A NEW YORK CORPORATION, DEFENDANTS

No. COA02-378

(Filed 31 December 2002)

**1. Reference and Referees— right to jury trial—preservation—objection at time of reference required**

Plaintiff waived his right to a jury trial where he did not object to the appointment of a referee; a party must object to an order of reference at the time it is made in order to preserve the right to a jury trial. N.C.G.S. § 1A-1, Rule 53(b)(2).

**2. Reference and Referees— right to jury trial—preservation—statutory procedure—conflicting trial court order**

Plaintiff did not preserve his right to a jury trial after a compulsory reference where he followed a trial court order that was in conflict with N.C.G.S. § 1A-1, Rule 53. Trial court orders in conflict with statutes are void.

GAYNOR v. MELVIN

[155 N.C. App. 618 (2002)]

**3. Reference and Referees— exception to report—trial court review**

A trial court order modifying a referee's supplemental report was remanded where the court did not consider the evidence presented to the referee but simply relied on the arguments asserted by the parties. If a party files exceptions to a referee's report, it is the duty of the trial court to consider the evidence and give its own opinion and conclusion, both as to the facts and the law.

Appeal by plaintiff from order filed 25 October 2001 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 November 2002.

*Paul L. Whitfield & Associates, PA, by Paul L. Whitfield, for plaintiff appellant.*

*Haynesworth Baldwin Johnson & Greaves LLC, by Stephen D. Dellinger, for defendant appellees.*

GREENE, Judge.

Blair Gaynor (Plaintiff) appeals from an order filed 25 October 2001 granting judgment for Gordon and Mary Melvin, individually, and doing business as Mill Direct Sales and Mill Direct Sales, Inc. (collectively, Defendants).

Plaintiff filed a complaint claiming breach of contract, fraud, and defamation and also demanding a jury trial. The complaint alleged the parties entered into an oral agreement (the agreement) on or about April 1997, whereby Plaintiff would open and manage an office in Charlotte, North Carolina (the office) to sell lumber on behalf of Defendants. Under the agreement, Plaintiff was to receive a salary and a commission based on the sales and profits of the office. When Plaintiff resigned in September 1999, Plaintiff claimed, he was still owed salary, sales commissions, and a commission for the office's net profits. Plaintiff also alleged Defendants fraudulently induced him to maximize profits and doctored records to reduce Plaintiff's commissions.

On 1 December 1999, Plaintiff filed a motion for the appointment of a referee on the breach of contract and fraud claims, and Defendants later filed their objection to the appointment of a referee. By order dated 26 January 2000, Judge Jesse Caldwell (Judge Caldwell) granted Plaintiff's motion and appointed a referee to deter-

mine if: (1) any salary, sales commission, or commission on the net profits was owed to Plaintiff and (2) net profits had been calculated correctly, including any changes in net profits caused by reselling inferior quality lumber rejected by other customers. Judge Caldwell included in his order the following:

> [T]his compulsory reference does not deprive any of the parties of their rights to a trial by jury, which may be preserved by objecting to the order of compulsory reference at the time it is made or by filing specific exceptions to particular findings of fact made by the referee within thirty (30) days after the referee files his report . . . .

Plaintiff did not object to the order of reference. Defendants subsequently filed answers to Plaintiff's complaint and made various counterclaims against Plaintiff.

The referee filed a report dated 22 December 2000 (the original report) finding Plaintiff was owed some form of commissions in the amount of $126,819.33.[1] The referee also apparently determined the amount of loss from the resale of rejected lumber. Both parties entered a timely exception to the referee's determination on commissions. Judge Marcus L. Johnson (Judge Johnson), after considering the exceptions and arguments asserted by both parties, remanded the case to the referee for reconsideration of the calculation of the commissions and the loss attributed to the costs of the resale of rejected lumber.

The referee filed a supplemental report dated 5 September 2001 (the supplemental report) increasing the sales commissions owed to Plaintiff to $126,926.14. The supplemental report reserved for the jury the issue of the amount of loss from the resale of some rejected lumber. Plaintiff and Defendants filed exceptions to this supplemental report. Plaintiff did not, however, except to the determination by the referee that the rejected timber issue be resolved by a jury. Defendant did except to this determination. After a 25 October 2001 hearing, Judge Marvin K. Gray (Judge Gray) entered judgment for Plaintiff on the amount of commissions owed as calculated in the supplemental report but rejected the supplemental report on the issue of the rejected lumber and adopted the original report on this issue. In mak-

---

1. The referee's specific findings on the other issues, including salary owed and net profits, are not included in the record on appeal, and we are thus unable to address those findings. *See State v. Moore*, 75 N.C. App. 543, 548, 331 S.E.2d 251, 254-55 (1985) (appellate review limited to contents of the record).

ing his ruling, Judge Gray indicated "it appeared to [him] from the argument . . . [he] could simply . . . take [the Defendants'] proposed order . . . and incorporate the referee's report by reference." Judge Gray then entered judgment for Defendants on Plaintiff's remaining breach of contract and fraud claims, denied Defendants' summary judgment motion on Plaintiff's defamation claim, and did not rule on Defendants' counterclaims.

The issues are whether: (I) Plaintiff preserved his right to a jury trial on the breach of contract and fraud claims; and (II) Judge Gray erred in modifying the supplemental report without considering the evidence.[2]

I

**[1]** Plaintiff argues Judge Gray erred in granting judgment to Defendants on the breach of contract and fraud claims because these claims should have been submitted to a jury. We disagree.

In order to preserve the right to a jury trial where a compulsory reference has been ordered, a party must, among other things, object to the order of reference at the time it is made. *See Porter Bros., Inc. v. Jones*, 11 N.C. App. 215, 224, 181 S.E.2d 177, 182-83 (1971) (Rule 53(b)(2) sets out steps to be followed to preserve right to jury trial); N.C.G.S. § 1A-1, Rule 53(b)(2) (2001). Failure to so object results in the waiver of a party's right to a jury trial. *Id.*; *see also Bartlett v. Hopkins*, 235 N.C. 165, 167-68, 69 S.E.2d 236, 237-38 (1952) (under prior law, right to jury trial waived by a compulsory reference where party does not take the proper steps to save it).

In this compulsory reference case, Plaintiff did not enter an objection to the appointment of a referee for the purpose of preserving his right to a jury trial. Plaintiff therefore waived his right to a jury trial on the breach of contract and fraud claims and cannot now claim error on this basis.

**[2]** We also reject Plaintiff's alternative argument that he is entitled to a jury trial on these claims because Judge Caldwell's order of reference stated a jury trial could be preserved if Plaintiff either objected to the compulsory reference or filed exceptions to the referee's report. It follows, Plaintiff contends, that because he

---

2. Plaintiff also contends the referee erred by not making specific findings of fact and conclusions of law. Plaintiff, however, waived appellate review of this issue by not excepting to the referee's report on this ground or objecting at the hearing. *See* N.C.R. App. P. 10(b)(1).

filed timely exceptions to the referee's reports, he has complied with the order of the trial court and is thus entitled to a jury trial. We disagree.

A trial court may not enter orders in conflict with the statutes and to the extent they are in conflict, those orders are void. *See Prentiss v. Allstate Ins. Co.*, 144 N.C. App. 404, 407, 548 S.E.2d 557, 559 (2001) (courts do not have power to interpolate or superimpose provisions and limitations into a clear and unambiguous statute), *appeal dismissed*, 354 N.C. 220, 554 S.E.2d 343 (2001); *cf. Hunt v. Reinsurance Facility*, 302 N.C. 274, 290, 275 S.E.2d 399, 407 (1981) (under the maxim *expressio unius est exclusio alterius*, statute supplying one procedure for accomplishing an objective necessarily excludes any other procedure). In this case, the order of Judge Caldwell relating to how a party would preserve a jury trial is in direct conflict with Rule 53 and thus of no consequence.

II

**[3]** Plaintiff next contends Judge Gray erred in modifying the supplemental report by adopting the original report's calculation of the net loss from the costs of reselling the rejected lumber.

If a party files exceptions to a referee's report it is the duty of the trial court to consider the evidence and give its own opinion and conclusion, both as to the facts and the law. *Quate v. Caudle*, 95 N.C. App. 80, 83, 381 S.E.2d 842, 844 (1989). The trial court is not permitted to conduct a perfunctory review, but "must deliberate and decide as in other cases—us[ing its] own faculties in ascertaining the truth and form[ing its] own judgment as to fact and law." *Id.* After conducting this review, the trial court may adopt, modify, or reject the referee's report in whole or in part, remand the proceedings to the referee, or enter judgment. *Id.*; N.C.G.S. § 1A-1, Rule 53(g)(2) (2001).

In this case, Defendants excepted to the determination of the referee that the issue relating to rejected timber be decided by a jury.[3] Once this exception was entered, Judge Gray was required to consider the evidence on this issue and enter his own opinion on the merits.[4] The record reveals Judge Gray did not consider the evidence

3. Because Plaintiff did not preserve his right to a jury trial, see Part I of this opinion, he is not entitled to demand a jury resolve any issue, even if recommended by the referee.

4. We reject Defendants' argument that because Plaintiff did not enter an exception to the supplemental report on the rejected timber issue, he cannot complain if the trial court fails to conduct the necessary review mandated by Defendants' exception.

**GAYNOR v. MELVIN**

[155 N.C. App. 618 (2002)]

presented to the referee on this issue and instead simply relied on the arguments asserted by the parties. This was not sufficient and constitutes error. *See Quate*, 95 N.C. App. at 83, 381 S.E.2d at 844 (the only way a trial court can review a referee's findings is through the trial court's own review of the evidence).

Thus, the trial court's adoption of the original report on the issue of net loss from the resale of the rejected lumber was improper. Accordingly, this case must be remanded to the trial court for (1) the trial court's determination of any profit or loss attributable to the resale of the rejected lumber and (2) a jury trial on Plaintiff's defamation claim, and Defendants' counterclaims, including whether any loss from the resale of the rejected lumber was caused by Plaintiff's fraudulent conduct.

Affirmed in part, reversed in part, and remanded.

Chief Judge EAGLES and Judge MARTIN concur.

---

Once the exception was entered, the trial court had an affirmative obligation to conduct an appropriate review and the failure to do so is an issue Plaintiff is entitled to raise on appeal. *See Thompson v. Smith*, 156 N.C. 345, 345-47, 72 S.E. 379, 379 (1911).