NO. COA14-286

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

JOHNNIE LEE LAWSON and BARBARA G.
LAWSON,
    Plaintiffs,

v.

Person County
No. 10 CVS 828

NOEL LAWSON, HESTER LAWSON JONES,
KWAME LAWSON, CLEOTIS LAWSON, JR.
and wife, KATRINA LAWSON and PERRY
LAWSON,
    Defendants.


Appeal by plaintiffs from order entered 16 July 2013 by Judge W.O. Smith, III, in Person County Superior Court. Heard in the Court of Appeals 26 August 2014.

> *Oertel, Koonts & Oertel, PLLC, by Geoffrey K. Oertel, for plaintiff-appellants.*

> *The Law Offices of Brian L. Crawford, P.A., by Brian L. Crawford, for defendant-appellees.*


BRYANT, Judge.


Where the trial court properly considered the evidence and the referee's findings of fact and conclusions of law, we affirm the decision of the trial court to affirm the referee's report in its entirety.

On 18 November 2010, plaintiffs Johnnie Lee Lawson and Barbara G. Lawson filed a complaint against Noel Lawson, Hester Lawson Jones, Kwame Lawson, Cleotes Lawson, Jr., and wife Katrina Lawson, and Perry Lawson ("defendants"). Plaintiffs brought claims for quiet title and trespass to real property against all defendants, and a claim for destruction of trees against defendant Perry Lawson. Plaintiffs alleged that defendants had trespassed onto, erected buildings and fences on, and removed trees from plaintiffs' property "without consent or permission." On 18 January 2011, defendants answered and counterclaimed for abuse of process, malicious use of process, compensatory damages, and punitive damages.

On 23 March, plaintiffs filed a reply and motion to dismiss defendants' counterclaims. On 24 October, defendants filed a motion for summary judgment. Plaintiffs then filed a motion for reference for appointment of a referee on 28 November, which was granted by order of the trial court on 28 March 2012. The trial court entered an amended order on 24 April after it was determined that the surveyor appointed as the referee had merged with another surveying company.

On 18 June, the referee filed a report which concluded that the placement of the disputed property line was correct as it

was currently designated by physical boundary markers and that based on this determination of the property line, defendants had not committed trespass or damage to plaintiffs' property. Plaintiffs timely filed a motion for exceptions to findings of referee on 16 July. Defendants filed a motion for judgment on the pleadings on 21 September.

On 3 October 2012, a hearing was held on plaintiffs' motion for exceptions to findings of referee. In an order entered 16 July 2013, the trial court upheld the findings of the referee and concluded that the plat map generated by the referee should be entered as the judgment and resolution for plaintiffs' complaint. Plaintiffs appeal.

_____

On appeal, plaintiffs raise sixteen issues which can be divided into two central issues: (I) whether the trial court erred by failing to consider the evidence and give its own opinion and conclusion as to the referee's report; and (II) whether the referee erred in its findings of fact and conclusions of law.

*I.*

Plaintiffs argue that the trial court erred by failing to consider the evidence and give its own opinion and conclusion as

to the referee's report. Specifically, plaintiffs raise three arguments as to whether the trial court: abused its discretion in confirming the referee's report without independently evaluating the evidence and giving its own opinion; erred by failing to make specific findings of fact and conclusions of law in confirming the referee's findings; and erred by failing to make specific findings of fact and conclusions of law during its independent evaluation of the referee's report. As these three issues are closely related and plaintiffs cite little case law in support of them, we address them as a single argument.

Pursuant to our North Carolina Rules of Civil Procedure, "the court may, upon the application of any party or on its own motion, order a reference in the following cases: . . . [w]here the case involves a complicated question of boundary, or requires a personal view of the premises." N.C. Gen. Stat. § 1A-1, Rule 53(a)(2)(c) (2013). Where, as here, a party takes exception to the referee's report,

> it is the duty of the [trial] judge to consider the evidence and give his own opinion and conclusion, both upon the facts and the law. He is not permitted to do this in a perfunctory way, but he must deliberate and decide as in other cases — use his own faculties in ascertaining the truth and form his own judgment as to fact and law. This is required not only as a check upon the referee and a safeguard against any possible

> errors on his part, but because he cannot review the referee's findings in any other way.

*Quate v. Caudle*, 95 N.C. App. 80, 83, 381 S.E.2d 842, 844 (1989) (citation and emphasis omitted). "After conducting this review, the trial court may adopt, modify, or reject the referee's report in whole or in part, remand the proceedings to the referee, or enter judgment." *Gaynor v. Melvin*, 155 N.C. App. 618, 622, 573 S.E.2d 763, 766 (2002) (citations omitted).

> In reviewing the trial court's judgment entered on the referee's report, the findings of fact by a referee, approved by the trial [court], are conclusive on appeal if supported by any competent evidence. Similarly, as the trial court has the authority to affirm, modify, or disregard the referee's findings and make its own findings upon review of the parties' exceptions to the referee's report, different or additional findings by the court are binding on appeal if they are supported by competent evidence. Any conclusions of law made by the referee, however, are reviewed de novo by the trial court, and the trial court's conclusions are reviewed de novo by the appellate court.

*Cleveland Constr., Inc. v. Ellis-Don Constr., Inc.*, 210 N.C. App. 522, 531—32, 709 S.E.2d 512, 520 (2011) (citations and quotation omitted).

Plaintiffs contend the trial court erred by failing to consider the evidence and give its own opinion and conclusion both as to the evidence and the law. We disagree.

In his report, the referee noted that he interviewed plaintiffs and defendants, researched the deed history of plaintiffs' property, and conducted fieldwork of the property. This fieldwork included walking the property to look for physical boundary markers, utilizing both GPS observations and traditional survey methods, noting "numerous signs of continuous long term possession by both the plaintiff and the defendants[,]" and comparing the referee's property measurements to those recorded in deeds held by plaintiffs and defendants. As such, it appears that the referee's findings of fact were based on competent evidence. Moreover, plaintiffs have failed to provide any evidence on appeal to disprove this determination. Although the trial court did not make its own findings of fact in its order upholding the referee's report, it was not obligated to; rather, the trial court could, as it did here, chose to affirm the referee's report in whole. *See id.* As such, the referee's findings of fact, approved by the trial court and supported by the evidence, are binding on appeal.

In reviewing the referee's conclusions of law, the trial court was to consider these conclusions *de novo*. *See id*. The trial court, in its order, made the following conclusion of law: "The Court hereby orders the Report of the Referee entitled 'Final Plat Court[-]ordered Survey for [plaintiffs] and [defendants]' by [the referee] dated June 14, 2012 to be entered into the record as the judgment and resolution for this Complaint." As such, plaintiffs' contention that the trial court was required to give its own separate opinion and conclusion as to the referee's report is without merit.

Here, upon plaintiffs' exceptions to the referee's report, the trial court conducted a hearing and evaluated the evidence. The trial court, by ordering the referee's report to be entered into judgment as the resolution of plaintiffs' complaint, clearly signaled its opinion and conclusion that, based on the evidence presented, the referee's report was the appropriate resolution of plaintiffs' boundary dispute. Moreover, although we cannot rely on a transcript[1] to determine whether the trial court made oral statements of opinion and conclusions of law

---

[1] Although plaintiffs ordered a transcript of the trial court's hearing to be filed with this Court, a transcript could not be prepared as the court reporter's notes from the hearing were deemed lost. As such, the record on appeal does not contain a transcript of the hearing.

during the hearing, it is well-established that "[w]here the record is silent upon a particular point, it will be presumed that the trial court acted correctly in performing his judicial acts and duties." *State v. Fennell*, 307 N.C. 258, 262, 297 S.E.2d 393, 396 (1982) (citations omitted). Accordingly, the trial court did not err in affirming the referee's report as the judgment and resolution for plaintiffs' complaint. Plaintiffs' argument is overruled.

## *II.*

Plaintiffs next argue that the referee erred in its findings of fact and conclusions of law. Specifically, plaintiffs raise thirteen arguments as to whether the referee erred in its findings of fact and conclusions of law regarding the referee's use of physical boundary markers, signs of long-term possession, and research into and use of deeds other than plaintiffs' deed. However, as plaintiffs have failed to raise issues 4—10 in their brief, these arguments are therefore deemed abandoned. *See* N.C. R. App. P. 28(b)(6) (2014) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

As to plaintiffs' remaining issues contending the referee erred in its findings of fact and conclusions of law, these

issues lack merit. As discussed in *Issue I*, the referee's findings of fact are deemed binding on appeal if supported by competent evidence and approved by the trial court. The referee's conclusions of law are reviewed *de novo* by the trial court, and the trial court's conclusions of law are reviewed *de novo* on appeal to this Court. *See Cleveland Constr.*, 210 N.C. App. at 531—32, 709 S.E.2d at 520. Our review finds no error in the conclusions reached by the referee and by the trial court.

Here, the trial court, after conducting a hearing on plaintiffs' exceptions to the referee's report, affirmed the referee's report in its entirety and ordered the referee's plat map to be entered as the judgment and resolution of plaintiffs' complaint. The record indicates that the referee's report was supported by competent evidence and, although no transcript of the hearing was filed, plaintiffs have not shown that the trial court failed to properly review the evidence and the referee's findings of fact and conclusions of law before entering its order affirming and adopting the referee's report in its entirety. As indicated, by ordering the referee's report entered into judgment, the trial court indicated its conclusion that the resolution of the boundary dispute was appropriately

resolved by the referee.  Accordingly, plaintiffs' argument is overruled.

Affirmed.

Chief Judge McGEE and Judge STROUD concur.