THOMAS E. VASS v. BOARD OF TRUSTEES OF THE TEACHERS' AND STATE EMPLOYEES' COMPREHENSIVE MAJOR MEDICAL PLAN; GEOFFREY ELTING, DIRECTOR; AND EDS FEDERAL CORPORATION

No. 213PA88

(Filed 4 May 1989)

1. **Administrative Law § 2— Trustees of State Employees' Medical Plan—agency within meaning of APA**

     The Board of Trustees of the State Employees' Medical Plan is an "agency" as that term is defined under either the former or current version of the Administrative Procedure Act, and the Act applies to the Board except to the extent and in the particulars that any statute makes specific provisions to the contrary. N.C.G.S. § 150B-2(1) (1987); N.C.G.S. § 150A-2(1) (1978).

2. **Administrative Law § 2— Trustees of State Employees' Medical Plan—statute not exemption from APA**

     The language in N.C.G.S. § 135-39.7 that the Board of Trustees of the State Employees' Medical Plan "may make a binding decision" concerning a dispute between an aggrieved individual and the Claims Processor is not an

express and unequivocal exemption of the Board from the requirements of the Administrative Procedure Act; rather, use of the term "binding" in the statute was intended to mean only that the Board's decision would be binding upon the parties absent further review according to law.

3. **Administrative Law § 2— coverage under State Employees' Medical Plan—applicability of APA to dispute—no subject matter jurisdiction of civil action**

A decision by the Board of Trustees of the State Employees' Medical Plan denying plaintiff's claim for reimbursement for medical expenses was subject to review only under the terms of the Administrative Procedure Act, and where plaintiff had not exhausted the administrative remedies available to him under the Act, the district court had no subject matter jurisdiction of plaintiff's civil action against the Board for breach of contract.

ON discretionary review of the decision of the Court of Appeals, 89 N.C. App. 333, 366 S.E. 2d 1 (1988), remanding this case, in which summary judgment was entered on 30 April 1987 by *Payne, J.,* in District Court, WAKE County, for dismissal for lack of subject matter jurisdiction. Heard in the Supreme Court on 13 December 1988.

*Fowler & Baldasare, by Paul Baldasare, Jr., for the plaintiff-appellee.*

*Lacy H. Thornburg, Attorney General, by Angeline M. Maletto, Assistant Attorney General, for the defendant-appellant.*

MITCHELL, Justice.

In 1984, the plaintiff Thomas Vass was a State employee whose health was insured through the Teachers' and State Employees' Comprehensive Major Medical Plan (hereinafter "the Medical Plan"). Under the Medical Plan the State was a self-insurer. EDS Federal Corporation (hereinafter "EDS") was the "Claims Processor" which administered the Medical Plan, and the Board of Trustees of the Medical Plan (hereinafter "the Board") supervised its administration.

For several years prior to 1984, the plaintiff's vision in his right eye had steadily deteriorated. The plaintiff's ophthalmologist referred him to Dr. Frederick B. Kremer, an ophthalmologist and director of the Refractive Eye Surgery Center in Philadelphia, Pennsylvania. After consulting Dr. Kremer, the plaintiff underwent radial keratotomy to correct the vision in his right eye. Radial keratotomy involves making laser incisions on the front

surface of the cornea. The surgery was successfully performed on the plaintiff and, as a result, he incurred medical expenses of $1,725.00.

The plaintiff filed a claim with EDS under the Medical Plan to recover his costs for the surgery. His claim was denied by EDS, and he appealed to the Board. On 14 November 1984, the Board denied his claim, purporting to do so pursuant to: (1) N.C.G.S. § 135-40.6(6)h, which states that "[n]o benefits will be payable for surgical procedure specifically listed by the American Medical Association or the North Carolina Medical Association as having no medical value"; (2) N.C.G.S. § 135-40(b) which states that "[t]he [Medical] Plan benefits will be provided under contracts between the State and the Claims Processor selected by the State . . . and shall be administered by the respective Claims Processor of the State which will determine benefits and other questions arising thereunder"; (3) the recommendation of the Medical Director of EDS, the administrator of the Medical Plan; and (4) the Board's belief that the procedure was basically a substitute for eyeglasses which were not covered under the Medical Plan.

The plaintiff later attempted to convince EDS, administrator of the Medical Plan, to reconsider his case. He then received a letter from the EDS Medical Director, Dr. Sarah T. Morrow, which indicated that the plaintiff had exhausted all administrative appeal processes and that "[t]here is no further appeal other than through litigation." Thereafter, the plaintiff instituted this action for breach of contract against the Board, the Medical Plan Director Geoffrey Elting, and EDS.

The trial court allowed motions to dismiss on behalf of the defendants Elting and EDS. Both the plaintiff and the remaining defendant, the Board, filed motions for summary judgment. The trial court granted summary judgment in favor of the defendant Board and denied the plaintiff's motion. The plaintiff appealed to the Court of Appeals from the trial court's entry of summary judgment in favor of the defendant Board. The Court of Appeals remanded the case to the trial court to be dismissed for lack of subject matter jurisdiction.

The Court of Appeals relied on the current version of the Administrative Procedure Act, codified as Chapter 150B of the Gen-

eral Statutes of North Carolina, in resolving the issues presented by the plaintiff's appeal from the judgment of the trial court. The Court of Appeals concluded that the defendant Board, established by N.C.G.S. § 135-39, is an administrative agency covered by the Act. The Court of Appeals also noted that the Act specifically provides that when a dispute between a State agency and another person arises and cannot be resolved by informal procedures, "either the agency or the person may commence an administrative proceeding to determine the person's rights, duties, or privileges at which time the dispute becomes a 'contested case.'" N.C.G.S. § 150B-22 (1987). The Court of Appeals then ordered this civil action remanded to the trial court to be dismissed for lack of subject matter jurisdiction, apparently on the theory that by failing to initiate such an administrative proceeding to determine his rights, the plaintiff had failed to exhaust the administrative remedies provided him by the Administrative Procedure Act. By *obiter dictum*, the Court of Appeals implied that the plaintiff should thereafter proceed to bring his dispute with the Board "under the Administrative Procedure Act."

The defendant-appellant Board agrees with the Court of Appeals that the trial court lacked subject matter jurisdiction in this dispute, but contends that the plaintiff cannot now pursue any remedy provided by the Administrative Procedure Act. The plaintiff, on the other hand, argues that the Court of Appeals was correct in stating that the "plaintiff's dispute with the Board should be brought under the Administrative Procedure Act" and, by implication, that he is not time-barred from so doing.

The only issue that we find it necessary or proper to address on the record before us is whether the Court of Appeals was correct in holding that the trial court was required to dismiss this civil action due to a lack of subject matter jurisdiction. We conclude that the trial court did not have subject matter jurisdiction and, for reasons hereinafter stated, modify and affirm the result reached by the Court of Appeals.

To decide whether the trial court had subject matter jurisdiction in this case, we first consider whether either the former version of the Administrative Procedure Act, N.C.G.S. Chapter 150A, or the current version, N.C.G.S. Chapter 150B, applies[1] to

---

1. Former Chapter 150A was rewritten by 1985 N.C. Sess. Laws ch. 746, § 1, effective 1 January 1986, and is now recodified as Chapter 150B.

decisions of the defendant-appellant Board. Both versions clearly state that the purpose of the Administrative Procedure Act is to establish as nearly as possible a uniform system of administrative procedures for State agencies. N.C.G.S. § 150B-1(b) (1987); N.C.G.S. § 150A-1(b) (Cum. Supp. 1981) (rewritten and recodified 1985). Both versions also clearly indicate that the Administrative Procedure Act shall apply to every agency of the executive branch[2] of State government, except to the extent and in the particulars that any statute "makes *specific* provisions to the contrary." N.C.G.S. § 150B-1(c) (1987) (emphasis added); N.C.G.S. § 150A-1(a) (1978 & Cum. Supp. 1981 & Cum. Supp. 1983) (rewritten and recodified 1985) (emphasis added). Further, it is equally clear that the defendant-appellant Board is an "agency" of the executive branch of State government under either version of the Administrative Procedure Act. N.C.G.S. § 150B-2(1) (1987); N.C.G.S. § 150A-2(1) (1978) (rewritten and recodified 1985).

[1] Because the defendant-appellant Board is an "agency" as that term is defined under either version of the Administrative Procedure Act, the Act applies to the Board except to the extent and in the particulars that any statute makes specific provisions to the contrary. The Board contends that article 3 of Chapter 135 of the General Statutes of North Carolina, creating the Medical Plan, makes such "specific provisions" exempting the Board. Specifically, the Board directs our attention to N.C.G.S. § 135-39.7 which provides:

> If, after exhaustion of internal appeal handling as outlined in the contract with the Claims Processor any person is aggrieved, the Claims Processor shall bring the matter to the attention of the Executive Administrator and Board of Trustees, which may make *a binding decision* on the matter in accordance with procedures established by the Executive Administrator and Board of Trustees.

N.C.G.S. § 135-39.7 (1988) (emphasis added).

The Board argues that this statute amounts to a "specific provision" exempting it from the application of the Administra-

---

2. The term "agency" as used throughout the Act "does not include any agency in the legislative or judicial branch of the State government . . . ." N.C.G.S. § 150B-2(1) (1987).

tive Procedure Act. It contends that the language of the statute stating that the Board may make "binding" decisions reveals a legislative intent that any review of the Board's decisions be limited to judicial review of a petition by the aggrieved party for a writ of certiorari pursuant to article 27 of Chapter 1 of the General Statutes of North Carolina. We do not agree.

[2]  It is clear that the General Assembly intended only those agencies it expressly and unequivocally exempted from the provisions of the Administrative Procedure Act be excused in any way from the Act's requirements and, even in those instances, that the exemption apply only to the extent specified by the General Assembly. Therefore, we conclude that N.C.G.S. § 135-39.7 is not a statute which makes "specific provisions to the contrary" as that phrase is used in former N.C.G.S. § 150A-1(a) and current N.C.G.S. § 150B-1(c). The language in N.C.G.S. § 135-39.7 that the Board "may make a binding decision" concerning a dispute between an aggrieved individual and a Claims Administrator of the Medical Plan is not an express and unequivocal exemption of the Board from the requirements of the Administrative Procedure Act. Instead, we conclude that the use of the term "binding" in the statute was intended to mean only that the Board's decision would be binding upon the parties absent further review according to law.

Under the former and present versions of the Administrative Procedure Act, the General Assembly has shown itself to be quite capable of specifically and expressly naming the particular agencies to be exempt from the provisions of the Act and has clearly specified the extent of each such exemption. E.g., N.C.G.S. § 150B-1(d) (1987) (totally exempting certain named agencies by stating that the Act "shall not apply" to them, and partially exempting certain other named agencies by specifying the extent to which the Act shall apply or the agency shall be exempt); N.C.G.S. § 150A-1(a) (Cum. Supp. 1981 & Cum. Supp. 1983) (same). In no version of the Act has the defendant-appellant Board ever been expressly exempted from the Act's requirements. Applying the maxim *inclusio unius est exclusio alterius*, we conclude that the Board's decisions are subject to administrative review under the Act, since the Board has never been specifically exempted by any statute from the Act's requirements. *See Campbell v. Church*, 298 N.C. 476, 482, 259 S.E. 2d 558, 563 (1969) (under the

maxim *expressio unius est exclusio alterius*, mention of specific exceptions implies the exclusion of others). Had the General Assembly intended that the defendant-appellant Board be excluded from the requirements of the Act, we must assume that it would have inserted a specific provision in some statute expressly stating this intent. *See Lemons v. Old Hickory Council*, 322 N.C. 271, 276-77, 367 S.E. 2d 655, 658 (1988). As the General Assembly has not done so, we will not infer any such intent on its part.

The Board next argues that even if its decision denying the plaintiff's claim for reimbursement for medical expenses is not excluded from further review in an administrative proceeding as provided by the Act, any such review in this case must be according to former Chapter 150A—the version of the Act in effect at the time the Board's decision was rendered. The Board further argues that the plaintiff is now time-barred from any such administrative review, because he failed to seek it within the time allowed under that former version of the Act.

The plaintiff responds that the current version of the Act, Chapter 150B, controls with regard to his claim under the Medical Plan, and he still is entitled to commence an administrative proceeding under N.C.G.S. § 150B-22 to have his rights under the Medical Plan determined. Therefore, he argues that the Court of Appeals was correct in stating that his "dispute with the Board should [and by implication still properly could] be brought under the Administrative Procedure Act."

Since we conclude that the General Assembly has never excluded decisions of the Board from administrative review under any version of the Administrative Procedure Act, we neither consider nor decide which version of the Act would apply to the facts of this case nor whether this plaintiff is now time-barred from commencing an administrative proceeding under the Act. Such issues are not properly presented for decision by this Court in the context of this appeal which involves questions concerning the subject matter jurisdiction of the trial court over this civil action for breach of contract.

[3] Under either the present or former versions of the Administrative Procedure Act, the plaintiff was entitled to judicial review of the Board's decision only after he had exhausted all administrative remedies. N.C.G.S. § 150B-43 (1987); N.C.G.S. § 150A-43

(1978) (rewritten and recodified 1985); *In re Kapoor*, 303 N.C. 102, 277 S.E. 2d 403 (1981) (decided under former § 150A-43). The Board's decision denying the plaintiff's claim was subject to judicial review only under the terms of the Administrative Procedure Act and, at the time he brought this action in the District Court, the plaintiff had not exhausted the administrative remedies available to him under the Act. Therefore, the Court of Appeals did not err in concluding that the trial court was without subject matter jurisdiction and that the plaintiff's civil action must be dismissed, thereby preventing the plaintiff from bypassing the requirements of the Act. *See Porter v. Dept. of Insurance*, 40 N.C. App. 376, 253 S.E. 2d 44, *disc. rev. denied*, 297 N.C. 455, 256 S.E. 2d 808 (1979). We affirm the decision of the Court of Appeals to this extent. As the trial court did not have subject matter jurisdiction over this case, it is also necessary that summary judgment entered by the trial court for the defendant be vacated.

This case is remanded to the Court of Appeals in order that the summary judgment of the trial court for the defendant may be vacated and the case dismissed.

Modified and affirmed.