PRENTISS v. ALLSTATE INS. CO.

[144 N.C. App. 404 (2001)]

CHARLES B. PRENTISS, III, AND MARGARET O. PRENTISS, PLAINTIFFS V. ALLSTATE INSURANCE COMPANY, DEFENDANT

No. COA00-711

(Filed 19 June 2001)

**Insurance— automobile—Safe Driver Incentive Plan—determination of fault by insurer**

The superior court did not err by dismissing a complaint arising from the elimination of plaintiffs' safe driver discount and the imposition of a surcharge for driving points in accordance with the Safe Driver Incentive Plan (SDIP). Although plaintiffs contended that a private insurer's determination of fault is an unconstitutional delegation of judicial power and an unconstitutional civil penalty, plaintiffs brought the action against the insurer who made the at-fault determinations rather than the State, which is enforcing the provision, so that the suit is a challenge to the rates system rather than to the constitutionality of the statute and plaintiffs must first exhaust all administrative remedies. There is no evidence that plaintiffs made any attempt to dispute the at-fault determination under N.C.G.S. § 58-36-1(2) or that plaintiffs sought review under the Administrative Procedure Act. Because the SDIP is required to be approved by the Commissioner of Insurance, the case involves an agency decision subject to the APA. N.C.G.S. § 58-36-65(h).

Appeal by plaintiffs from order entered 28 March 2000 by Judge J. Marlene Hyatt in Haywood County Superior Court. Heard in the Court of Appeals 19 April 2001.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Allan R. Tarleton, for plaintiff-appellants.*

*McGuire, Wood & Bissette, P.A., by Joseph P. McGuire; and Sonnenschein Nath & Rosenthal, by Mark L. Hanover, for defendant-appellee.*

MARTIN, Judge.

Plaintiff Charles B. Prentiss, III, was involved in a two-car motor vehicle accident in Haywood County on 22 September 1997; both cars sustained damage but neither party was injured. Plaintiff was cited for operating a motor vehicle "by failing to see before

turning from a direct line that such movement could be made in safety." The charge was dismissed in the District Court of Haywood County without adjudication.

At the time of the accident, plaintiff was covered by an automobile insurance policy issued by defendant Allstate Insurance Company. Defendant determined that plaintiff was at fault in the accident. Because the property damage exceeded $2,000, defendant eliminated plaintiff's safe driver discount and imposed a premium surcharge for three driving record points in accordance with the North Carolina Safe Driver Incentive Plan. Plaintiffs paid the increased premium under protest.

Plaintiffs filed a class action complaint in Haywood County on 1 February 1999 asserting: (1) a private insurer's determination of fault with the imposition of increased premiums is an unconstitutional delegation of judicial power prohibited by Article IV, Section 1 of the Constitution of the State of North Carolina; (2) the imposition of increased premiums without adjudication of fault is an unconstitutional civil penalty prohibited by Article I, Section 19 of the Constitution of North Carolina; and, (3) the North Carolina Rate Bureau has not provided reasonable means for a person to dispute the insurer's determination of fault as required by G.S. § 58-36-1(2) and § 58-36-65(h). Plaintiffs sought reimbursement of the premium surcharges assessed and other injunctive or equitable relief as appropriate. Defendant removed the action to the United States District Court for the Western District of North Carolina, and filed a motion to dismiss. The magistrate judge issued a memorandum and recommendation, which was adopted by the District Court, and the case was remanded back to state court on 9 November 1999 pursuant to the *Burford* abstention doctrine on the grounds that federal review would disrupt the state's efforts to establish a coherent automobile insurance policy. *Prentiss v. Allstate Insurance Co.*, 87 F.Supp.2d 514 (W.D.N.C. 1999) (citing *Burford v. Sun Oil Co.*, 319 U.S. 315, 87 L.Ed. 1424 (1943)). On remand to the Haywood County Superior Court, defendant's motion to dismiss the complaint was granted on 28 March 2000. Plaintiffs appeal from the order of dismissal.

The North Carolina Rate Bureau [hereinafter "Bureau"] was created by G.S. § 58-36-1 to "promulgate and propose rates . . . for insurance against theft of or physical damage to nonfleet private passenger motor vehicles." N.C. Gen. Stat. § 58-36-1(3). All companies or other organizations that write insurance in North Carolina must first

subscribe to and become a member of the Bureau. N.C. Gen. Stat. § 58-36-5. The rates proposed by the Bureau are subject to review by the Commissioner of Insurance. N.C. Gen. Stat. § 58-36-65(a). The statute further requires the Bureau to file a Safe Driver Incentive Plan (SDIP) that "distinguishes among various classes of drivers that have safe driving records and various classes of drivers that have a record of at-fault accidents; a record of convictions of major moving traffic violations; a record of convictions of minor moving traffic violations; or a combination thereof; and that provides for premium differentials among those classes of drivers"; this plan also requires the approval of the Commissioner. N.C. Gen. Stat. § 58-36-65(b).

Plaintiffs challenge the insurer's assessment of driving record points pursuant to the SDIP because they contend G.S. § 58-36-65 requires insurers to make determinations that an insured was at-fault in an accident when there has been no adjudication of fault, and that this requirement is an unconstitutional delegation of judicial power. We conclude, however, the underlying substance of plaintiffs' claim is an attack on the rates system, rather than a constitutional challenge to the statute. Instructive to this Court in reaching this conclusion is the fact that plaintiffs have opted to bring the action against Allstate, the insurer who made the at-fault determinations in dispute, instead of suing the State which is enforcing the allegedly unconstitutional provision. Such course of action appears to us inconsistent with plaintiffs' contention that this suit is not a challenge to the rates system but instead a challenge to the constitutionality of a statute.

Thus, because the substance of the claim is an attack on the rates system, we must consider whether the action is properly before the courts. G.S. § 150B-43 provides for judicial review of administrative actions and states:

> Any person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article.

N.C. Gen. Stat. § 150B-43. This section requires that a plaintiff first exhaust all administrative remedies prior to bringing the matter before the courts. The administrative remedy set out by Chapter 58 for plaintiff in this case is contained in G.S. § 58-36-65(h), which states:

**PRENTISS v. ALLSTATE INS. CO.**

[144 N.C. App. 404 (2001)]

If an insured disputes his insurer's determination that the operator of an insured vehicle was at fault in an accident, such dispute shall be resolved pursuant to G.S. 58-36-1(2), unless there has been an adjudication or admission of negligence of such operator.

N.C. Gen. Stat. § 58-36-65(h). G.S. § 58-36-1(2) provides "[t]he Bureau shall provide reasonable means to be approved by the Commissioner whereby any person affected by a rate or loss costs made by it may be heard in person or by the person's authorized representative before the governing committee or other proper executive of the Bureau." There is no evidence in the record in this case to show any attempt by plaintiffs to dispute the at-fault determination by seeking the recourse provided under the statute, nor is there evidence that plaintiffs have sought review of the determination pursuant to the provisions in Article 3A of the Administrative Procedure Act (APA). *See* N.C. Gen. Stat. § 150B-38.

However, plaintiffs argue they are not required to exhaust their administrative remedies because no agency decision is at issue and the APA, therefore, does not apply. Instead, plaintiffs contend they are challenging a statute enacted by the legislature, and an action by Allstate, a non-agency, in complying with that statute. This Court must, therefore, determine which source has given the insurer the power to make a unilateral determination of an insured's fault: the legislature or an agency.

Plaintiffs contend that G.S. § 58-36-65(h), cited above, requires insurers to make at-fault determinations where there has been no adjudication of the issue. In interpreting a statute, we must "give effect to the intent of the legislature." *Whitman v. Kiger*, 139 N.C. App. 44, 46, 533 S.E.2d 807, 808 (2000), *affirmed*, 353 N.C. 360, 543 S.E.2d 476 (2001). " 'Where the language of a statute is clear and unambiguous, there is no room for judicial construction[,] and the courts must give [the statute] its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.' " *Walker v. Board of Trustees of the North Carolina Local, Governmental Employees' Retirement System*, 348 N.C. 63, 65-66, 499 S.E.2d 429, 430-31 (1998) (quoting *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974)). The plain and definite meaning of the terms of G.S. § 58-36-65(h) make evident that the legislature's intent in enacting this provision was to provide a remedy for an insured to challenge an insurer's at-fault

determination. To hold that the intent of the statutory provision is to require insurers to make at-fault determinations would force us to interpolate additional meaning, which we cannot do.

We agree with defendant that the SDIP is the source of the requirement that insurers make determinations that an insured was at-fault where there has been no adjudication of fault. The SDIP is applied in rating all eligible autos, including private passenger cars and some pickup trucks or vans owned by an individual or household. SDIP Rule 5A. It requires that insurers assess driving record points for various automobile-related convictions. SDIP Rule 5B1a. For example, the rule requires insurers to assess four points where the insured was convicted of "driving a motor vehicle in a reckless manner." SDIP Rule 5B1a(4)(b). A "conviction" is defined under the SDIP as "a plea of guilty, or of nolo contendere or the determination of guilt by a jury or by a court." SDIP Rule 5B, Note (1). In a separate provision, the SDIP requires the assessment of points for accidents where the insured was at-fault. SDIP Rule 5B1b. For example, the rule requires that an insurer assess three points "for each at-fault accident that results in . . . [t]otal damage to all property . . . of $2,000 or more." SDIP Rule 5B1b(1). The rule further provides:

> The phrase "at-fault" means negligent. No points shall be assigned for accidents when the operator of an insured vehicle is free of negligence.

SDIP Rule 5B, Note (3).

Considering the foregoing provisions together, we conclude that the SDIP requires that insurers make determinations of fault in automobile accidents. First, it provides that an insurer *must* assess points for an at-fault accident. Second, an "at-fault accident" must mean one which was not adjudicated by a court because there is a separate provision for convictions. Finally, an insurer cannot assess points where the insured was free of negligence. Therefore, the SDIP rule on its face necessitates that an insurer make a determination of the insured's fault in an accident where the issue was not adjudicated.

Because Chapter 58 requires that the SDIP be approved by the Commissioner of Insurance, we hold that this case involves an agency decision which is subject to the APA. *See North Carolina Reinsurance Facility v. Long*, 98 N.C. App. 41, 390 S.E.2d 176 (1990). We note that our conclusion accords with that reached by the District

Court, which considered a similar argument as it pertained to the *Burford* abstention doctrine. *Prentiss*, 87 F.Supp.2d at 522 (rejecting plaintiffs' claim that federal review would have no impact on a state regulatory scheme because plaintiffs do not find fault with any specific agency action).

Accordingly, we hold that plaintiffs must first exhaust their administrative remedies before seeking judicial review and that the superior court did not err in dismissing the complaint. Therefore, we do not need to address defendant's claim that the suit is also barred by the filed rate and primary jurisdiction doctrines.

Affirmed.

Judges THOMAS and BIGGS concur.