HOWARD J. BURRILL, JR. and PAMELA S. BURRILL, Plaintiffs,
v.
JAMES E. LONG, COMMISSIONER OF INSURANCE; THE NORTH CAROLINA DEPARTMENT OF INSURANCE; and THE NORTH CAROLINA RATE BUREAU, Defendants.
No. COA06-955
Court of Appeals of North Carolina.
Filed August 7, 2007
This case not for publication
Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Allan R. Tarleton, for Plaintiffs.
Attorney General Roy Cooper, by Special Deputy Attorney General Daniel S. Johnson, for Defendants James E. Long, Commissioner of Insurance, and the North Carolina Department of Insurance.
Young Moore and Henderson P.A., by R. Michael Strickland and Glenn C. Raynor, for Defendant North Carolina Rate Bureau.
STEPHENS, Judge.
Plaintiffs appeal from the trial court's order granting summary judgment in favor of Defendants on all claims. Defendants James E. Long, Commissioner of Insurance ("Commissioner Long"), and the North Carolina Department of Insurance appeal from the trialcourt's order denying their motion to dismiss for lack of subject matter jurisdiction. For the reasons stated herein, we reverse the trial court's denial of Defendants' motion to dismiss.
On 27 July 2001, Plaintiff Howard Burrill was involved in a two-car motor vehicle accident in Buncombe County. Both cars sustained damage, but neither driver was injured, and neither driver was issued a citation. At the time of the accident, Plaintiffs were covered by an automobile insurance policy issued by Nationwide Mutual Insurance Company ("Nationwide"). Nationwide determined that Mr. Burrill was at fault in the accident and therefore eliminated Plaintiffs' safe driver discount and imposed a premium surcharge on Plaintiffs' insurance rate in accordance with North Carolina's Safe Driver Incentive Plan ("SDIP"), established pursuant to N.C. Gen. Stat. § 58-36-65. At no time did Mr. Burrill admit fault for the accident.
On 28 February 2003, Plaintiffs filed a class action complaint against Defendants and all North Carolina insurance companies[1] in which they sought (1) judicial determination that the SDIP is unconstitutional, and (2) reimbursement from the insurance companies to all operators of insured motor vehicles  including Plaintiffs  on whom surcharges were imposed under the SDIP without a judicial adjudication or admission of fault. On 12 September 2003, the action was transferred from Buncombe County to Wake County pursuant to Commissioner Long's motion to change venue under N.C. Gen. Stat. § 1-83 and N.C. Gen. Stat. § 1-77(2). On 15 March 2004, then Chief Justice I. Beverly Lake designated the matter as an exceptional case and assigned Judge Henry V. Barnette, Jr. to preside over the action. On 2 November 2004, Commissioner Long and the Department of Insurance filed a motion to dismiss the action for, inter alia, lack of subject matter jurisdiction. The North Carolina Rate Bureau filed a similar motion on 9 November 2004. By order filed 9 February 2005, Judge Barnette denied the motions to dismiss for lack of subject matter jurisdiction as the motions "relate to Plaintiffs' constitutional challenge of [N.C. Gen. Stat.] § 58-36-65."
On 4 October 2005, Plaintiffs filed a motion for summary judgment. After a hearing held 21 December 2005, Judge Barnette entered summary judgment in favor of Defendants on all claims. In his summary judgment order filed 6 January 2006, Judge Barnette stated that N.C. Gen. Stat. § 58-36-65 "is not unconstitutional[.]" Plaintiffs and Defendants Commissioner Long and the Department of Insurance timely filed notice of appeal.
The facts of this case are nearly identical to the facts in Prentiss v. Allstate Ins. Co., 144 N.C. App. 404, 548 S.E.2d 557, appeal dismissed and disc. review denied, 354 N.C. 220, 554 S.E.2d 343 (2001). In Prentiss, plaintiffs challenged the constitutionality of the SDIP after plaintiffs' insurance company determined that plaintiff-driver was at fault in a two-car motor vehicle accident. No judicial determination of fault was made, and plaintiff-driver never admitted fault. This Court affirmed the trial court's dismissal of the action, holding that "plaintiffs must first exhaust their administrative remedies before seeking judicial review[.]" Id. at 409, 548 S.E.2d at 560. The only pertinent distinction between the facts of Prentiss and the facts of the case at bar is the identity of the parties to the action. In Prentiss, plaintiffs brought suit only against their insurance company. In this case, Plaintiffs brought suit against their insurance company,[2] Commissioner Long, the North Carolina Department of Insurance, and the Rate Bureau.
Commissioner Long and the Department of Insurance argue that the trial court erred in denying their motion to dismiss because Plaintiffs did not "exhaust administrative remedies." We agree.
As in Prentiss, "the substance of [Plaintiffs'] claim [in the case at bar] is an attack on the rates system[.]" Id. at 406, 548 S.E.2d at 559. Thus, "this case involves an agency decision which is subject to the APA [Administrative Procedures Act]." Id. at 408, 548 S.E.2d at 560 (citation omitted). "Accordingly,... [P]laintiffs must first exhaust their administrative remedies before seeking judicial review[.]" Id. at 409, 548 S.E.2d at 560. Where a party has not exhausted administrative remedies, the case should be dismissed for lack of subject matter jurisdiction. SeeVass v. Bd. of Trustees, 324 N.C. 402, 379 S.E.2d 26 (1989) (concluding that the trial court was without subject matter jurisdiction where plaintiff had not exhausted administrative remedies available to him under the APA).
It is undisputed that Plaintiffs have not exhausted their administrative remedies. As such, and pursuant to this Court's holding in Prentiss, the trial court erred in denying Defendants' motion to dismiss for lack of subject matter jurisdiction. The inclusion of Commissioner Long, the Department of Insurance, and the Rate Bureau in this action does not mandate a result different from the result reached in Prentiss. See Dunn v. Pate, 106 N.C. App. 56, 60, 415 S.E.2d 102, 104 (1992) (stating "[t]he determination of a point of law by a court will generally be followed by a court of the same or lower rank if a subsequent case presents the same legal problem, although different parties are involved in the subsequent case") (citation omitted), rev'd on other grounds, 334 N.C. 115, 431 S.E.2d 178 (1993). The 9 February 2005 order of the trial court is reversed and the case is remanded to the trial court for entry of an order dismissing this action.
REVERSED AND REMANDED.
Judges CALABRIA and JACKSON concur.
NOTES
[1] By order filed 14 September 2004, the trial court allowed Defendants' motion to strike the "John Doe" insurance company references and allegations in Plaintiffs' original complaint. By the same order, the court allowed Plaintiffs' motion to amend their complaint to specifically name Nationwide as a defendant.
[2] By order dated 16 September 2005, Judge Barnette allowed Nationwide's motion to dismiss Plaintiffs' complaint "in its entirety" against Nationwide. No appeal was taken from this order.