IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-922

Filed 15 October 2025

Wake County, No. 23CV007462-910

JUDY ALLMAN, Plaintiff,

v.

SWAIN COUNTY BOARD OF ELECTIONS, and NORTH CAROLINA STATE BOARD OF ELECTIONS, Defendants.

Appeal by Plaintiff from Orders entered 25 August 2023 and 3 November 2023 by Judge William R. Pittman in Wake County Superior Court. Heard in the Court of Appeals 20 May 2025.

*Davis Hartman & Wright, LLP, by R. Daniel Gibson, for Plaintiff-Appellant.*

*Attorney General Jeff Jackson, by Special Deputy Attorney General Terence Steed; and Solicitor General Fellow Kaeli E. Czosek for Defendant-Appellee North Carolina State Board of Elections.*

*Womble Bond Dickinson LLP, by Brian F. Castro, Sean Perrin, and Caitlin T. Augerson, for Defendant-Appellee Swain County Board of Elections.*

HAMPSON, Judge.

## **Factual and Procedural Background**

This appeal stems from a Petition for Judicial Review filed in Wake County Superior Court alleging Judy Allman (Plaintiff) was improperly terminated as Director of the Swain County Board of Elections (the County Board). Plaintiff appeals from the Superior Court's Orders: (1) denying her Motion for partial summary

judgment and granting Defendants summary judgment against her on the issue of whether the Superior Court of Wake County had exclusive jurisdiction over her claims and (2) dismissing her constitutional claim for violation of her right to the fruits of her labor.

Plaintiff, a former employee of the County Board, was promoted from Deputy Director to Director in August 2020. On 9 December 2022, in accordance with statutory procedures contained in N.C. Gen. Stat. § 163-35.1, the County Board submitted a Petition to the Executive Director of the North Carolina Board of Elections (the State Board) recommending Plaintiff's termination for cause based on various allegations including making misrepresentations to the County Board, insubordination, and unprofessional conduct. The Executive Director sent a copy of the petition to Plaintiff on 13 December 2022. Plaintiff responded on 19 December 2022.

On 9 January 2023, the Executive Director held a virtual hearing. Plaintiff was present for this hearing. The Executive Director reviewed the County Board's Petition, Plaintiff's response, records provided by both parties, correspondence from the parties sent to the State Board, and comments made by both parties at the virtual hearing. That same day, the Executive Director issued a written decision finding cause for termination and granting the County Board's petition to terminate Plaintiff.

The State Board declined to reconsider the decision of the Executive Director as provided by N.C. Gen. Stat. § 163-35.1. Accordingly, the Executive Director's written decision became the Final Decision on 29 January 2023.

Plaintiff filed two simultaneous actions on 30 March 2023: a contested case with the Office of Administrative Hearings (OAH), and her Petition for Judicial Review and Complaint for Declaratory Judgment with the Wake County Superior Court giving rise to this appeal. On 29 August 2023, the OAH dismissed the contested case for lack of subject matter jurisdiction. *Allman v. Swain Cnty. Bd. of Elections N.C. State Bd. of Elections* (OAH 2023 WL 5969287).

Plaintiff's Complaint in Wake County Superior Court alleged several causes of action. The first was a petition for judicial review under Section 163-22(l) of our General Statutes, which requires any person seeking to obtain judicial review of any decision of the State Board of Elections to file a petition in the Superior Court of Wake County. She also requested a declaratory judgment addressing Section 163-22(l) and its constitutionality, arguing that despite its mandate she should be permitted to contest the decision of the State Board in the OAH. She also requested a declaratory judgment that the County Board's actions exceeded its statutory authority and violated Plaintiff's rights, and asserted a constitutional claim based on a violation of her right to the fruits of her labor.

On 29 June 2023, Plaintiff moved for summary judgment on her claim for a declaratory judgment concerning the application of Section 163-22(l) to her claims.

The trial court heard arguments on 10 August 2023. Plaintiff argued that, before her case could be heard in the Superior Court of Wake County, it should first go through a contested case proceeding in the OAH. Defendants argued appeal from the State Board decision lies directly in the Superior Court of Wake County, bypassing the OAH. On 25 August 2023, the trial court denied Plaintiff's motion for summary judgment and granted partial summary judgment in favor of Defendant, ordering Plaintiff's case be heard in the Superior Court of Wake County.

Both the County and State Boards moved to dismiss Plaintiff's remaining claims. The County Board argued it could not be sued because, under the statutory procedure for terminating a director, it had not actually terminated Plaintiff but only recommended her termination to the State Board. The State Board argued it was protected from Plaintiff's claims by sovereign immunity and the existence of an adequate remedy under State law. The trial court dismissed Plaintiff's remaining claims with prejudice on 1 November 2023.

On appeal, Plaintiff challenges only the trial court's dismissal of her constitutional claim and its grant of summary judgment to Defendants based on its interpretation of Section 163-22(l) as granting jurisdiction over Plaintiff's case to the Superior Court of Wake County. She does not challenge the dismissal of her Petition for Judicial Review.

## **Issues**

The dispositive issues are whether: (I) N.C. Gen. Stat. § 163-22(l) vests

jurisdiction for judicial review of the State Board's final decision in the Superior Court of Wake County rather than OAH; and (II) Plaintiff's allegations were sufficient to state a claim for violation of her right to the fruits of her labor under the North Carolina State Constitution.

## Analysis

I.    Jurisdiction under N.C. Gen. Stat. § 163-22(l)

Chapter 163 of our General Statutes governs election law, including the establishment of the State Board of Elections and the various County Boards. A subsection of Article 4 of this Chapter establishes a process by which a county director of elections may be terminated. N.C. Gen. Stat. § 163-35.1 (2023). First, the County Board, by signed petition, recommends the termination to the Executive Director of the State Board of Elections. N.C. Gen. Stat. § 163-35.1(a). The Executive Director must forward a copy of the petition to the county director. *Id.* The county director has 15 days to respond to the petition, and within 20 days of receipt of that reply the Executive Director issues a decision as to termination. *Id.* That decision becomes final unless within 20 days the State Board of Elections chooses to defer it. *Id.*[1] If the State Board elects to defer the decision of the Executive Director, the State Board must give the county director an opportunity to be heard and present witnesses and information

[1] The statute also provides a process by which the Executive Director may initiate termination proceedings. N.C. Gen. Stat. § 163-35.1(b). This procedure is not relevant to this case. Termination of a county director must be conducted via one of these two processes. N.C. Gen. Stat. § 163-35.1(d).

to the State Board, then the State Board makes a final decision on termination. *Id.*

As described above, the County and State Boards followed this statutory process in this case. Ultimately, the State Board declined to defer the decision of the Executive Director terminating Plaintiff. Plaintiff contested her termination by filing (1) a Petition for Judicial Review in the Superior Court of Wake County and (2) a contested case with the OAH.

The OAH determined it was not the proper forum to review the decision of the State Board and dismissed the contested case. 2023 WL 5969287. The Superior Court of Wake County determined it was the proper forum. Both the OAH and the Superior Court based their respective decisions on N.C. Gen. Stat. § 163-22(l), which provides any review of a decision of the State Board is conducted in the Superior Court of Wake County:

> Notwithstanding any over provision of law, in order to obtain judicial review of any decision of the State Board rendered in the performance of its duties or in the exercise of its powers under this Chapter, the person seeking review must file a petition in the Superior Court of Wake County.

N.C. Gen. Stat. § 163-22(l).

Plaintiff, however, argues Section 163-22(l) should not be interpreted to require direct review of State Board decisions in the Superior Court of Wake County. Instead, she argues cases like hers should first be heard by the Office of Administrative Hearings in a trial-level evidentiary hearing. Then, as OAH decisions are generally reviewed in our Superior Courts, N.C. Gen. Stat. § 150B-45(b), she

argues Section 163-22(l) should be interpreted as no more than a venue statute, mandating that such an appeal may only be heard in Wake County.

The Office of Administrative Hearings is a statutorily created, quasi-judicial agency established "to ensure that administrative decisions are made in a fair and impartial manner[.]" N.C. Gen. Stat. § 7A-750. As such, its jurisdiction is limited to matters appearing before it under a provision of our General Statutes. The OAH dismissed Plaintiff's contested case, determining neither the North Carolina Human Resources Act (HRA) nor the Administrative Procedures Act (APA) conferred jurisdiction over the matter. While we are not reviewing the decision of the OAH on appeal, it is instructive to examine that decision for the purposes of this case.

Plaintiff does not advocate for application of the HRA to her case. Rather, Plaintiff asserts only that she may bring her claim under the APA. Under the APA, "[a]ny person aggrieved may commence a contested case" against a state agency by filing a petition with the Office of Administrative Hearings. N.C. Gen. Stat. §150B-23. The OAH did not recognize it held jurisdiction over Plaintiff's case under the APA in part because the Swain County Board of Elections is not an "agency" for the purposes of the APA. *Allman,* 2023 WL 5969287 ¶ 4. However, the State Board, which ultimately issued the decision, is. *See McFadyen v. New Hanover Cnty,* 273 N.C. App. 124, 133, 848 S.E.2d 217, 223 (2020) (Dietz, J., concurring) (termination of county director by State Board of Elections was "unquestionably a 'dispute between an agency and another person that involves the person's rights, duties, or privileges' and

thus is subject to the Administrative Procedure Act" under N.C. Gen. Stat. § 150B-22(a)).

The APA applies to every State agency except those specifically exempted by statute. N.C. Gen. Stat. § 150B-1(c). The contested case provisions of the APA likewise apply to "all agencies and all proceedings not expressly exempted from the Chapter." N.C. Gen. Stat. § 150B-1(e). In dismissing Plaintiff's contested case, the OAH held any jurisdiction over appeals of public employee termination decisions derives from the HRA *rather than* the APA, citing our Supreme Court's decision in *Batten v. N.C. Dep't of Correction*, 326 N.C. 338, 389 S.E.2d 35 (1990):

> OAH jurisdiction over appeals of public employee termination decisions derives not from N.C.G.S. chapter 150B, but from N.C.G.S. Chapter 126. The administrative hearing provisions of Article 3, Chapter 150B, do not establish the right of a person "aggrieved" by agency action to OAH review of that action, but only describe the procedures for such review. Batten v. N.C. Dep't of Correction, 326 N.C. 338, 342-343, 389 S.E.2d 35, 38, 1990 N.C. LEXIS 120, *9; overruled on other grounds by Empire Power Co. v. North Carolina Dep't of Env't, Health & Natural Resources, Div. of Envtl. Management, 337 N.C. 569, 572, 447 S.E.2d 768, 770, 1994 N.C. LEXIS 492, *1.

*Allman* ¶ 6. However, *Batten* involved the appeal of a grievance of an employee of the North Carolina Department of Correction—an agency expressly exempted from the administrative hearing provisions of the APA. *Batten,* 326 N.C. at 344, 389 S.E.2d at 39; N.C. Gen. Stat. § 150B-1(e)(7). Accordingly, the Supreme Court has rejected a reading of *Batten* that would suggest the APA does not itself establish the right of an

aggrieved person to contest agency decisions:

> Respondents contend we made it clear in *Batten* that the administrative hearing provisions of the NCAPA "do not establish the right of a person 'aggrieved' by agency action to administrative review of that action by the OAH, but only describe procedures for such review." That interpretation is contrary to the language of the statute as interpreted and applied in *Vass*.

*Empire Power Co. v. N.C. Dep't of Env't, Health and Nat. Res., Div. of Env't Mgmt.,* 337 N.C. 569, 579, 447 S.E.2d 768, 774 (1994). As a general proposition then, the APA confers jurisdiction upon the OAH to hear appeals of employee grievances and indeed any appeal of an agency decision against agencies unless the matter is "expressly exempted from the NCAPA." *Id*. at 575, 447 S.E.2d at 772.

For example, in *Vass v. Bd. of Trustees,* the plaintiff was a State employee who contested the denial of a medical claim by filing a breach of contract action in the District Court of Wake County against the Board of Trustees of the State Employees Medical Plan. 324 N.C. 402, 404, 379 S.E.2d 26, 27 (1989). Our Supreme Court held that, because the Board of Trustees was a State agency, it was "subject to judicial review only under the terms of the Administrative Procedure Act" and the plaintiff was required to exhaust administrative remedies under the APA. *Id.* at 409, 379 S.E.2d at 30. His district court action was therefore dismissed. *Id.* Likewise, in *Empire Power Co.* petitioner George Clark was entitled to appeal to the Office of Administrative Hearings from a decision of the Division of Environmental Management, a State agency, when the Division granted a permit to Duke Energy.

337 N.C. at 596, 447 S.E.2d at 784. Clark lived on property adjacent to the proposed cite for a power generation station. *Id.* The Supreme Court reversed this Court's holding that the "organic statute" N.C. Gen. Stat. § 143-215.108(e), which controls the issuance of permits for activity that causes air pollution, provided only the permit applicant or permittee the right to appeal permit decisions to the OAH. The Supreme Court held the plaintiff was an "aggrieved person" and, as the agency at issue was not among those expressly excluded from the APA or its administrative hearing provisions, he was entitled to appeal the decision under the APA. *Id.* at 596, 447 S.E.2d at 784.

Like the agencies in *Empire Power Co.* and *Vass,* the State Board is not among the agencies the APA lists as expressly exempted from any of its provisions, N.C. Gen. Stat. § 150B-1(c), or as expressly exempted from its contested case provisions, N.C. Gen. Stat. § 150B-1(e). In this case, however, the organic statute establishing the powers and duties of the State Board creates an exception, mandating in subsection 163-22(l) that all judicial review of State Board decisions be conducted in the Superior Court of Wake County.

In order for language in an organic statute creating an agency to exempt that agency from provisions of the APA, the language used must "expressly and unequivocally" indicate the exemption. *Cabarrus Cnty. Bd. of Educ. v. Dep't of State Treasurer,* 261 N.C. App. 325, 330, 821 S.E.2d 196, 201 (2018). For example, the following provision does not create an exception to the APA:

> If, after exhaustion of internal appeal handling as outlined in the contract with the Claims Processor any person is aggrieved, the Claims Processor shall bring the matter to the attention of the Executive Administrator and Board of Trustees, which may make a binding decision on the matter in accordance with procedures established by the Executive Administrator and Board of Trustees.

N.C. Gen. Stat. § 135-39.7 (1988). Our Supreme Court rejected the argument that the statute's language allowing the Board of Trustees to make a "binding decision" showed legislative intent to exclude those decisions from being reviewed under the APA. *Vass*, 324 N.C. at 406-07, 379 S.E.2d at 29. The statutory language was not an "express and unequivocal exemption . . . from the requirements of the Administrative Procedure Act" because it did not make "specific provisions to the contrary." *Id.* A decision may bind the parties while still being subject to judicial review.

The text of subsection 163-22(l) is more specific. Under its provisions:

> Notwithstanding any other provision of law, in order to obtain judicial review of any decision of the State Board rendered in the performance of its duties or in the exercise of its powers under this Chapter, the person seeking review must file a petition in the Superior Court of Wake County.

As the parties agree, this language clearly creates an exemption from the requirements of the APA. The parties dispute only the nature of the exemption. Plaintiff argues it is a venue provision that requires appeal from OAH decisions be made in Wake County Superior Court, while Defendant argues it exempts State Board decisions from OAH review entirely, with cases like Plaintiff's proceeding directly to Wake County Superior Court. To resolve this issue, we must construe the

meaning of subsection 163-22(l).

> The principal goal of statutory construction is to accomplish the legislative intent. The intent of the General Assembly may be found from the plain language of the statute, then from the legislative history, the spirit of the act and what the act seeks to accomplish. If the language of a statute is clear, the court must implement the statute according to the plain meaning of its terms so long as it is reasonable to do so.

*Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001).

First, a plain reading of the statute indicates a clear process: when the State Board makes a decision, a person seeking review of that decision must file a petition in the Superior Court of Wake County. N.C. Gen. Stat. § 163-22(l). The statute does not indicate the Superior Court of Wake County is to review a decision of the OAH, but the decision of the State Board. Indeed, this procedure has been implicitly recognized by our courts. In *McFadyen v. New Hanover County*, as in this case, a former county director of elections filed an action challenging his termination. 273 N.C. App. 124, 848 S.E.2d 217. As in this case, the county board sent a petition to the Executive Director, requesting that the plaintiff be terminated. *Id.* at 127, 848 S.E.2d at 220. The Deputy Director of the State Board, sitting in place of the Executive Director, granted the petition, and the State Board declined to defer the decision. *Id.* at 128, 848 S.E.2d at 220. The plaintiff then challenged the decision by filing claims in the Superior Court of New Hanover County. *Id.*

We held the Superior Court of New Hanover County was without jurisdiction

to hear the plaintiff's appeal because "N.C.G.S. § 163-22(l) requires any appeal taken from a decision of the SBE to be filed in the Superior Court of Wake County." 273 N.C. App. at 132, 848 S.E.2d 223. The plaintiff had at no point filed his petition with the OAH, and we did not suggest in our opinion that the OAH was the proper venue for his claims. Likewise, we have reviewed other cases challenging State Board decisions which were reviewed immediately in the Superior Court of Wake County, bypassing the OAH, and have not in those cases identified issues of jurisdiction. *See, e.g., Griffin v. N.C. State Bd. of Elections*, 915 S.E.2d 212, 218. *See also State v. Gorman*, 221 N.C. App. 330, 333, 727 S.E.2d 731, 733 (2012) ("The issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court sua sponte.").

Beyond the plain language of the statute as implicitly recognized in our courts, there are several indicators of legislative intent at odds with Plaintiff's interpretation. For one, although Plaintiff's case is an employment dispute, the primary role of the State Board is to supervise the primaries and elections in the State, and it promulgates rules and regulations accordingly. N.C. Gen. Stat. § 163-22(a). Accordingly, the bulk of its proceedings are likely to involve election law, including election protests which must be "expeditiously resolved" so that elections may be timely certified. *Bouvier v. Porter*, 386 N.C. 1, 16, 900 S.E.2d 838, 850 (2024). Accordingly, our Legislature set out a process by which review of the State Board's decisions may be completed more quickly, by advancing directly to our courts rather

than first being heard in the OAH. This procedure also allows the State Board to litigate these claims in Wake County, where it is located, rather than in the county where the petitioner resides, as it would be required to for contested cases heard by the OAH. N.C. Gen. Stat. § 150B-24.[2]

Thus, under the plain language of N.C. Gen. Stat. § 163-22(l), petitions for review of decisions of the North Carolina Board of Elections terminating a county elections director are properly filed with the Superior Court of Wake County. Therefore, the Superior Court correctly determined it had jurisdiction over Plaintiff's case. Consequently, the Superior Court properly denied Plaintiff's request for a declaratory judgment vesting jurisdiction over this matter in the OAH.

II.   Constitutional claim

---

[2] Other portions of Chapter 163 acknowledge that this is the default process, specifically identifying certain State Board decisions which do not bypass the OAH. One section of Chapter 163 assesses civil penalties for violations of certain election law provisions. N.C. Gen. Stat. § 163-278.34. Unlike other sections of the Chapter, this section specifically provides for review of State Board decisions by the OAH:

> (f) OAH Review.--After assessing a civil penalty under subsection (b) of this section or imposing a civil remedy under subsection (c) of this section, appeal of the decision of the State Board of Elections under this section shall be in accordance with Article 3 of Chapter 150B of the General Statutes.

N.C. Gen. Stat. § 163-278.34(f). If all decisions of the State Board were appealed to the OAH under Article 3 of the APA prior to being heard in the Superior Court of Wake County, as Plaintiff argues, this provision would be redundant. *See Hall v. Simmons,* 329 N.C. 779, 784, 407 S.E.2d 816, 818 (1991) ("The rules of statutory construction require presumptions that the legislature inserted every part of a provision for a purpose and that no part is redundant."). "Significance and effect should, if possible, . . . be accorded every part of the act, including every section, paragraph, sentence or clause, phrase, and word." *State v. Williams,* 286 N.C. 422, 432, 212 S.E.2d 113, 120 (1975).

Plaintiff argues the Superior Court erred by dismissing her claim for a declaratory judgment that the County Board "unconstitutionally and unjustifiably burdened [her] rights to enjoy the fruits of her labor" by "intentionally failing to comply with its own policies and the relevant law" when it petitioned the State Board to terminate her.

In order to assert a direct cause of action under the North Carolina Constitution: (1) the plaintiff must allege "a state actor . . . violated an individual's constitutional rights;" (2) the plaintiff must establish the claim is colorable, in that it "present[s] facts sufficient to support an alleged violation of a right protected by the State Constitution;" and (3) there must be no alternative "adequate state remedy." *Deminksy v. State Bd. of Educ.,* 377 N.C. 406, 413, 858 S.E.2d 788, 793-94 (2021).

Plaintiff alleges the County Board violated her right to the enjoyment of the fruits of her labor, guaranteed under Article I, Section 1 of the North Carolina Constitution. The County Board, as a government entity, is a government actor. *Deminsky*, 377 N.C. at 414, 858 S.E.2d at 794. However, as Plaintiff has not presented facts sufficient to support an alleged violation of her right to the enjoyment of the fruits of her labor, she has not established a colorable constitutional claim.

The North Carolina Constitution recognizes the right to individuals' "enjoyment of the fruits of their own labor." N.C. Const. Art. I, § 1. Our courts' "duty to protect fundamental rights includes preventing arbitrary government actions that

interfere with the right to the fruits of one's own labor." *King v. Town of Chapel Hill*, 367 N.C. 400, 408, 758 S.E.2d 364, 371 (2014).

Plaintiff alleges the County Board failed to follow its own procedures in recommending her termination. Our Supreme Court in *Tully v. City of Wilmington* acknowledged the right to the fruits of one's labor includes "the right to pursue one's profession free from unreasonable government action." 370 N.C. 527, 535, 810 S.E.2d 208, 215 (2018). Accordingly, a governmental entity violates the constitution when it "acts in an arbitrary and capricious manner toward one of its employees by failing to abide by promotional procedures that the employer itself put in place." 370 N.C. at 535-36, 810 S.E.2d at 215. In *Tully,* for example, the Wilmington Police Department did not allow the plaintiff to file a grievance regarding a promotional exam, despite its policy manual stating that candidates for promotion "may appeal any portion of the selection process." *Id.* The failure by the department to follow its own employment-related policies violated the plaintiff's constitutional right.

While *Tully* was limited to the employment promotion process, we addressed its applicability to termination decisions in *Mole' v. City of Durham*, 279 N.C. App. 583, 866 S.E.2d 773 (2021). We held *Tully's* articulation of Article I, Section 1's protections extends to the process of terminating employees such that public employers must follow their own procedures regarding termination, and a failure to do so implicates the right to the fruits of one's labor. 279 N.C. App. at 590, 866 S.E.2d at 779. Accordingly, the plaintiff stated a claim by alleging he was not given sufficient

notice of his pre-disciplinary hearing under his employer's own guidelines. *Id.* at 591, 866 S.E.2d at 780.

Our determination in *Mole'* that *Tully's* protections apply to the termination context is not binding, as on discretionary review our Supreme Court affirmed that decision without precedential value. 384 N.C. 78, 884 S.E.2d 711 (2023). Nevertheless, *Mole's* rationale remains persuasive. However, in this case, even assuming a public employer's failure to abide by its own procedures when terminating an employee constitutes a violation of constitutional protections, Plaintiff has not stated a colorable claim for relief.

In order to state a direct constitutional claim grounded in the right to the fruits of one's own labor, a plaintiff must show "(1) a clear, established rule or policy existed regarding the employment [termination] process that furthered a legitimate governmental interest; (2) the employer violated that policy; and (3) the plaintiff was injured as a result of that violation." *Tully*, 370 NC at 537, 810 S.E.2d at 216. "If a public employee alleges these elements, he has adequately stated a claim that his employer unconstitutionally burdened his right to the enjoyment of the fruits of his labor." *Id.*

In her Complaint and on appeal, Plaintiff is unable to identify any established rule or policy violated by the County Board when submitting its recommendation to the State Board. The allegation in her Complaint states only:

> 50. There are clear, established policies and statutes that

existed regarding Mrs. Allman's employment and the operation of the Swain County Board of Elections and State Board of Elections.

51. Defendants violated those policies.

On appeal, Plaintiff argues this is sufficient to state a claim under North Carolina's notice pleading standard. Under the notice theory of pleading, "a statement of a claim is adequate if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand its nature and basis and to file a responsive pleading." *Pyco Supply Co., Inc. v. Am. Centennial Ins. Co.,* 321 N.C. 435, 442, 364 S.E.2d 380, 384 (1988). Although this standard does not require detailed factual allegations, "a complaint must nonetheless state enough to give the substantive elements of at least some legally recognized claim or it is subject to dismissal under Rule 12(b)(6)." *Hayes v. Peters*, 184 N.C. App. 285, 287, 645 S.E.2d 846, 847 (2007).

Here, Plaintiff has failed to allege an element of the constitutional claim by failing to identify any "clear, established rule or policies or statutes" the County Board violated. Because she has failed to identify the policy at issue, she has likewise necessarily failed to allege such policy "furthered a legitimate governmental interest." *Tully*, 370 NC at + , 810 S.E.2d at 216. Simply stated, the Complaint is insufficient to put the County Board on notice of any policy or statute it violated and allow it to respond to the litigation.

On appeal, Plaintiff argues she alleged a policy violation by, in a separate

section of her Complaint, alleging the County Board failed to "comply with open meeting laws, including Article 33 of Chapter 143 of the General Statutes." Article 33C of Chapter 143 promulgates general rules for meetings held by all public bodies in the State, including the policy that "hearings, deliberations, and actions of these bodies be conducted openly." N.C. Gen. Stat. § 143-318.9. It is not clear that these statutes constitute the type of rule or policy as those "regarding the employment promotional process" required to state a claim under *Tully,* which protected the plaintiff from actions of his employer "that, by their very nature, are unreasonable because they contravene policies specifically promulgated by that employer for the purpose of having a fair promotional process." 370 N.C. at 536-37, 810 S.E.2d at 215-16. Plaintiff's Complaint appears to acknowledge this, as it alleges the County Board failed to comply with open meeting laws separately from her allegation that it failed to follow its own (unidentified) employment policies and procedures. Even assuming violation of our open meeting laws could support a *Tully* claim, those very laws require closed sessions when necessary "to prevent the disclosure of information that is privileged or confidential" and authorize closed sessions "to consider the qualifications, competence, performance, character, fitness . . . of an individual public officer or employee[.]" N.C. Gen. Stat. § 143-318.11. Plaintiff has neither alleged the County Board violated any particular internal employment policies or that it violated our open meeting laws.

Thus, Plaintiff has failed to establish a colorable constitutional claim that Defendants violated her right to enjoy the fruits of her own labor. Therefore, the constitutional claim was properly dismissed. The trial court did not err in dismissing Plaintiff's Petition and claims.

## **Conclusion**

For the foregoing reasons, the trial court did not err in entering summary judgment for Defendants on Plaintiff's claim for declaratory judgment, and it did not err in dismissing her constitutional claim. Accordingly, the trial court's judgment is affirmed.

AFFIRMED.

Chief Judge DILLON and Judge ARROWOOD concur.